JAMES W. WILSON, Appellant, *v.* THE J. H. FLICKINGER COMPANY, Respondent.

*Sale of goods — proof under a general denial that the contract therefor was canceled before their delivery.*

Where the time of delivery is of the essence of a contract of sale, the vendee, in an action brought against him by the vendor's assignee to recover the purchase price of the goods, is entitled, under a general denial, to show that the contract was canceled after the date fixed for the delivery of the goods, because of the vendor's failure to deliver them at the stipulated time.

APPEAL by the plaintiff, James W. Wilson, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 22d day of December, 1900, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 3d day of January, 1901, denying the plaintiff's motion for a new trial made upon the minutes.

*John T. Booth,* for the appellant.

*Edwin B. Smith* [*Sands F. Randall* with him on the brief], for the respondent.

WOODWARD, J. :

This action was brought to recover the price of a carload of glass jars alleged to have been sold and delivered to the defendant by the plaintiff's assignors, the firm of Flaccus Brothers. The contract of sale was made by means of a personal visit on the part of one of the members of the firm of Flaccus Brothers to the defendant, a subsequent submission of samples, and an order for a carload of the goods of the same kind and quality as that of the samples, the same to be delivered in California on or about the 1st day of July, 1896. The goods were not shipped in time for delivery at the date agreed upon in the contract, and on the 6th day of August, 1896, the defendant telegraphed Flaccus Brothers : " Jars delayed too long. Cannot use this season. Cancel contract." The goods had not at that time been shipped, but a telegram was sent alleging that the goods were already on the way, although as a matter of fact

they were not shipped until the eleventh day of August, and did not arrive in California at their destination until about the first of September. The goods were subsequently rejected because of an alleged failure to come up to the requirements of the contract, in that they were not of equal quality with those of the sample lot. The defendant in answering made a general denial of the allegations of the complaint, and the questions presented upon this appeal are based upon alleged errors in the charge of the learned court and in the admission of evidence.

We have examined the questions thus presented, but we do not find reversible error. There is no dispute that the contract as originally made called for a delivery of the goods in California about the 1st of July, 1896, and the plaintiff was allowed to introduce evidence which had a tendency to show that this contract was modified by a subsequent verbal agreement, not between the original parties to the contract, but between the defendant and the manufacturer of the goods, which were not made by Flaccus Brothers but by a relative who lived in another town. The learned court in charging that the jury should consider the question whether there was an oral modification of the terms of the contract regarding the time of delivery, and that if there was not such oral modification the plaintiff would not be entitled to recover, was clearly within the law, and the appellant would have real cause to complain if the court had failed to so charge, for without the consideration of this question the plaintiff had no case for the jury. We are equally clear that the court did not err in refusing to charge that the provision of the contract as to time of delivery was waived by defendant taking the goods from the cars and receiving them. There were facts and circumstances disclosed by the evidence which made this conduct on the part of the defendant entirely proper.

We think the evidence admitted against the plaintiff's objection was proper under the circumstances. The rule is well established that under a general denial in an action on contract the defendant may controvert by evidence anything which plaintiff is bound to prove in the first instance to make out his cause of action, or anything he is permitted to prove for that purpose. (*Milbank* v. *Jones*, 141 N. Y. 340.) The plaintiff was bound to establish the contract, and the time of delivery was of the essence of that contract. It

was competent, therefore, for the defendant to show that the contract was canceled after the date fixed for their delivery and before the goods were shipped.

The judgment and order appealed from should be affirmed, with costs.

All concurred.

Judgment and order affirmed, with costs.