INTERNATIONAL MONEY BOX CO. v. SOUTHERN TRUST & DEPOSIT CO.

(Supreme Court, Appellate Division, First Department. April 22, 1904.)

1. SALES—PLACE OF DELIVERY—TENDER—SUFFICIENCY.

   Where plaintiff agreed to manufacture and deliver an order of savings boxes f. o. b. New York, it is not entitled to recover the purchase price on proof of delivery there to an express company, consigned to defendant, in Baltimore, without his request—charges of carriage to be collected—and that the express company tendered the boxes to defendant, who refused to accept them.

2. SAME—WAIVER OF TENDER—PROOF.

   The allegations contained in an answer to which a demurrer was interposed and sustained cannot be considered on appeal as an admission against the party filing the answer, especially where the answer was not offered in evidence by the plaintiff as an admission; and hence the allegations are not proof of a waiver of tender of goods ordered, though reciting that the order had been canceled before the time delivery was attempted.

Appeal from Trial Term, New York County.

Action by the International Money Box Company against the Southern Trust & Deposit Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Clarence W. Rogers, for appellant.
Omar Powell, for respondent.

O'BRIEN, J. The action was for goods sold and delivered under a contract between the parties as follows:

"The party of the first part hereby agrees to and does sell unto the party of the second part and the party of the second part hereby agrees to and does buy of the party of the first part 500 savings boxes patented in the United States of America under letters patent No. 664990 for the sum of One dollar ($1.00) each net cash, F. O. B. New York City. Shipments to be made as follows: 100 to be shipped at once and the balance as ordered by party of the second part. It is understood and agreed that the party of the second part shall order all of the said 500 savings boxes from the party of the first part within one year from the date of this agreement. It is understood and agreed that the International Money Box Company is not responsible for anything further than that which is written in this contract, and this contract or any portion of it is not subject to countermand."

On the trial the evidence offered by the plaintiff consisted of proof of the making of the contract, and the introduction of stipulation dated June 29, 1903, between the attorneys, which states:

"(1) On or about April 1, 1902, in part performance of the contract mentioned in the complaint herein, and upon which this action is brought, plaintiff delivered to defendant 100 boxes of the kind and quality specified in said contract, for which the defendants paid to the plaintiff the contract price, to wit, $100.

"(2) On or about February 28, 1903, without further order or direction from defendant, and in order to carry out and complete performance of said contract on its part, plaintiff delivered to an express company at New York City 400 additional boxes of the kind and quality specified in said contract and the

complaint herein, with proper direction to deliver the same to the defendant at its place of business in Baltimore, Maryland (charges of carriage collect).

"(3) On March 1, 1903, said express company tendered the same to defendant at defendant's place of business at Baltimore, Maryland.

"(4) Defendant then and there refused to receive or accept said goods.

"(5) Said express company thereupon took said goods away, and offered same back to plaintiff, but plaintiff refused to accept them, and the express company has ever since retained possession thereof.

"(6) Defendant has made no other payments on account of said contract than the $100 above specified.

"The parties hereto reserve the right to object to the introduction in evidence of the foregoing stipulation, or any part or paragraph thereof, upon the ground that the facts stated therein are irrelevant, immaterial, and incompetent."

With respect to delivery, it was incumbent upon the plaintiff to prove either that the defendant had expressly repudiated the contract, which would have made a delivery needless and futile, or that a delivery was made in accordance with the terms of the contract. Upon the latter subject the contract provided that the delivery was to be made f. o. b. New York City, and the proof was that, without a request from the defendant, the plaintiff delivered to an express company at New York City the 400 boxes, with directions to deliver the same to the defendant, at its place of business, at Baltimore, Md.; the charges of carriage to be there collected. Such a tender we do not think was sufficient to pass the title of the boxes to defendant, because the plaintiff could not bind the defendant by tender at a place different than that specified in the contract, nor could it annex to the tender the burden or condition of paying the carrying charges. The failure, therefore, to prove a proper legal tender, was fatal to plaintiff's right to recover upon this branch of the case.

The plaintiff insists, however, that there was evidence tending to show that the defendant had repudiated the contract, and that therefore a tender was unnecessary. Our attention is called to what is said to be an admission in a separate defense embodied in the original answer, in which the defendant alleged that the contract was canceled on August 29, 1902, upon which date "the defendant notified the plaintiff not to manufacture or ship any more savings boxes, * * * and that the defendant would not accept the said savings boxes, and that the defendant would not keep or perform the contract." This so-called defense cannot aid the plaintiff, and for the reasons, first, that this defense was demurred to by the plaintiff, and the demurrer was sustained, and, strictly speaking, it should not have been included in this record; and, furthermore, if we are to consider it, the record does not show that it was offered by the plaintiff in evidence as an admission, and, if it had been, it would be necessary to take it as a whole, from which the inference would follow that the reason for refusing to accept the boxes, or to keep or perform the contract, was as alleged by the defendant—that it had been canceled.

Upon the failure to prove, as alleged, that the plaintiff had sold and delivered to the defendant the boxes, the court properly held that the plaintiff could not recover the amount sued for. The dismissal of the complaint, therefore, was right, and the judgment thereafter entered should accordingly be affirmed, with costs. All concur.