HESS v. KAUFHERR et al.

(Supreme Court, Appellate Division, First Department. November 6, 1908.)

1. SALES (§ 176*)—PERFORMANCE—WAIVER OF DELAY IN DELIVERY—WAIVER BY ASSIGNING ANOTHER BREACH.

Where plaintiff contracted to sell defendants skins for June shipment, and a part of them were delivered in June and the remainder tendered in August, but defendants refused to accept them on the ground that they were unmerchantable, they could not thereafter object on the ground of delay in delivery; the specification of only one ground of rejection being a waiver of all others.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 439; Dec. Dig. § 176.*]

2. TRIAL (§ 139*)—TAKING QUESTION FROM JURY—QUESTION OF FACT.

In an action for breach of a contract for the sale of skins, there being evidence that the skins tendered were of merchantable quality, the question of quality should have been submitted to the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 338; Dec. Dig. § 139.*]

Appeal from Trial Term, New York County.

Action by Morris Hess against Maurice D. Kaufherr and another. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Alfred B. Nathan, for appellant.
Abraham Benedict, for respondents.

HOUGHTON, J. In March, 1907, the plaintiff contracted with the defendants to sell to them about 10,000 summer-dry Palloien calf skins, "June shipment." In the June following the plaintiff delivered to the defendants, and they paid for, about 6,000 of the skins, and in the fore part of the following August he tendered to them the balance, which they refused to accept. The specified ground upon which the defendants refused to accept delivery was that the skins were not merchantable. The plaintiff held the goods subject to the defendants' order, and brought this action for the purchase price.

The ground upon which the nonsuit was granted was that the skins, which were to be gathered in Russia for shipment, were not shipped in June, but at a later time. The defendants having in writing and orally formulated their objection to acceptance, and placed it only upon the ground that the skins were unmerchantable, it was error to dismiss the plaintiff's complaint on the sole ground that shipment was not made in June as agreed. When the refusal to accept purchased goods is based upon particular objections, formulated and deliberately stated, all other objections are deemed waived, and the vendor, to recover the price, need only prove compliance with the contract of sale in the particulars covered by the stated objections. Littlejohn v. Shaw, 159 N. Y. 188, 53 N. E. 810; Gould v. Banks, 8 Wend. 562, 567, 24 Am. Dec. 90. In Littlejohn v. Shaw, supra, the contract was:

"Ship free in bags * * * February—March—April, '93, sale, shipment at Singapore for New York."

The refusal to accept delivery was upon the ground that the goods were not of merchantable quality and not in merchantable condition, and the defendants sought to justify their refusal to accept on the further ground that the shipment was not made at the time agreed. This the court held they could not do, because the objection had been placed upon specific and enumerated grounds.

In the case at bar the defendants specified and reiterated their ground for refusing acceptance, placing it wholly upon the claim that the first lot was of such inferior quality as not to be merchantable, and hence that they would not accept the second installment, and omitted to state that they refused to accept because shipment had not been made in June as stipulated by the contract. They therefore are deemed to have waived compliance with the contract in that respect, and it was not incumbent upon plaintiff to prove whether they were shipped in June or not.

There was proof on the part of plaintiff that the skins were of merchantable quality, and a question of fact in this respect was thus made for the jury, and the issue so tendered, which was the only issue in the case, should have been submitted to them.

The judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.