(76 Misc. Rep. 446.)

### MILLS et al. v. KNICKERBOCKER HAT CO.

(Supreme Court, Appellate Term. May 9, 1912.)

SALES (§ 153*)—TENDER—WAIVER.

    Actual tender of goods sold is waived by the buyer writing the seller that those already shipped are too narrow, and directing cancellation of the balance of the order, and thereafter inspecting, at the seller's place of business, the goods constituting such balance, and rejecting them as too narrow.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 358–366; Dec. Dig. § 153.*]

Appeal from City Court of New York, Trial Term.

Action by L. Heyworth Mills and others, copartners trading as Mills & Duflot, against the Knickerbocker Hat Company. From a judgment for defendant, plaintiffs appeal. Reversed, and new trial ordered.

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

Everett, Clark, Benedict & Ward of New York City (A. Leo Everett, of New York City, of counsel), for appellants.

Jacob Gordon, of New York City, for respondent.

GUY, J. Plaintiffs appeal from a judgment dismissing the complaint in an action brought for the purchase price of a quantity of black poiluchon, which, by a written contract, defendant agreed to purchase from plaintiffs' assignors; the deliveries to be made in certain quantities and upon certain dates specified in the contract. Several installments of the goods were delivered between April 25, 1910, and June 20, 1910, and, though some disputes arose in connection with said deliveries, matters were finally adjusted between the parties and the goods retained by the defendant. This controversy arose over the installment which, under the contract, was to have been delivered on July 15, 1910. As to this lot of goods, the answer alleges that they were not of the width agreed upon, that due tender was not made, and that the contract was canceled on July 15, 1910.

No sufficient proof was introduced by defendant of the cancellation of the contract. Plaintiffs failed to prove an actual tender of the goods. There was evidence introduced, however, to the effect that, subsequent to July 15th, the president of the defendant company examined the goods in question at plaintiffs' place of business, claimed that they were of insufficient width, and rejected them on that ground. There was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

also introduced in evidence a letter from defendant to plaintiffs, dated July 14, 1910, which read, in part, as follows:

"The lot of goods received to-day runs narrow, the same as the last shipment, about which we notified you on June 30th, and which we are unable to use. Kindly cancel the balance of this order."

To which plaintiffs replied, by letter of July 15th, as follows:

"Replying to your favor of the 14th inst., we are greatly surprised at the bad faith you put in the matter. * * * Furthermore, we serve notice upon you that we hold subject to your instructions the rest of your order, as per your signed copy to us."

Notwithstanding this evidence, the learned trial judge, at the close of the case, dismissed the case, on the ground that there was not sufficient proof of tender, and that, in the absence of proof of actual physical tender of the goods at defendant's place of business, the plaintiffs were not entitled to recover. The dismissal of the complaint on this ground was error. The letter of July 14th, and the subsequent rejection of the goods, after inspection, on the specific ground that they were not of sufficient width, constituted a waiver of tender. Littlejohn v. Shaw, 159 N. Y. 188, 53 N. E. 810.

"When the refusal to accept purchased goods is based upon particular objections, formulated and deliberately stated, all other objections are deemed to be waived, and the vendor, to recover the price, need only prove compliance with the contract of sale in the particulars covered by the stated objections." Hess v. Kaufherr, 128 App. Div. 526, 112 N. Y. Supp. 832; Shaw v. Republic Life Ins. Co., 69 N. Y. 286; Windmuller v. Pope, 107 N. Y. 674, 14 N. E. 436.

"Whether the repudiation gives rise to a cause of action or not, it unquestionably excuses the injured party from further performance." Williston on Sales, § 586.

The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

