HARRY DeHOFF, Appellant, *v.* ADOLPH ASPEGREN and JOHN ASPEGREN, Respondents.

(Supreme Court, Appellate Term, Second Department, September, 1916.)

Sales — oral — contracts — actions — carriers — evidence — Statute of Frauds — pleading — when judgment reversed.

An oral sale by plaintiff to defendants of a car-load of prime evaporated apples was confirmed the same day by a letter from the buyer to the seller which stated that if the quality of the apples shipped in a specific car the day before should not turn out to be fine the buyer could only reject and would make no demand for another delivery, and, further, that the terms of payment were to be net cash against documents after prompt

examination and approval of the apples. On arrival of the car at the place of delivery and after examination the fruit was accepted by defendants as to quality whereupon plaintiff sent to them the bill of lading, the invoice and weight tests together with his bill, all of which were returned with a letter stating in substance that defendants could not accept the carload because of short weight. Several days later plaintiff re-tendered the documents with a letter demanding immediate payment and advising that in case of refusal plaintiff would sell the goods in open market for defendants' account and hold them for the difference, and receiving no reply the goods were sold. On the trial of an action to recover the difference between the contract price per pound and what was realized on the sale, defendants rested on the plaintiff's case and the cross-examination of witnesses for plaintiff elicited some proof that he had tendered short weight, thus raising a question as to the only material issue of fact in the case. Held:

That the contract was clearly within and satisfied the Statute of Frauds.

That a dismissal of the complaint on the merits on the ground that delivery by a letter handed by plaintiff to one of defendants the day after the sale was within the Statute of Frauds was erroneous, as thereby the issue of fact in the case was overlooked.

That as defendants when called upon to accept or reject the car-load, not contenting themselves with a general rejection, went further and specified a single ground of rejection — short weight — they must be held to have waived all other objections.

Defendants' claim that because of an allegation in their answer that after the tender and rejection referred to in the complaint plaintiff retendered the rejected merchandise to defendants and that said tender was rejected without defendants stating or assigning any reason or grounds therefor, and that, therefore, they were at liberty to raise any objection whatever against the acceptance of the goods, was untenable, there being no proof that the second tender was rejected without stating any specific grounds therefor.

That while the goods were not shown to have been accepted by defendants with the intention of taking possession thereof as owners, when defendants failed to object under the statute or to object generally or even to reject the goods in silence they by specifying a single ground of objection excluded all other objections, and the judgment will be reversed and a new trial ordered.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, sixth district, entered the 4th day of March, 1916, dismissing the complaint, at the close of the plaintiff's case, upon the merits, after a trial before the court without a jury.

Robert B. Honeyman, for appellant.

Benno Lewinson, for respondents.

CLARK, J.   The action in which this appeal is taken arose out of a sale by the plaintiff to the defendants of a car-load of prime evaporated apples.   The sale, which had been orally negotiated, was confirmed by the following letter from the buyer to the seller:

" NEW YORK, *Dec.* 15, 1915.
" Messrs. H. DeHoff & Co.,
    " Produce Exchange Bldg.,
            " New York City:
" DEAR SIRS.— This confirms purchase from you of one (1) car, 600 Boxes Prime Evaporated Apples, crop 1915, at 6¾¢ per pound delivered New York with free lighterage privilege.
' It is understood that this is a specific car shipped yesterday to you by Croucher & Packard and that if on arrival here the quality of this car should not turn out prime, then we can only reject and can make no demand on you for another delivery, the contract being terminated.
" Terms of payment, net cash against documents after prompt examination and approval of goods.
            " Yours truly,
                " ASPEGREN & Co."

The day following, December sixteenth, the plaintiff called upon the defendant Adolph Aspegren (both parties having offices in the Produce Exchange Building, New York city) and handed to him personally the following letter:

*" Dec. 16th, 1915.*

" Messrs. Aspegren & Co.,
"   Produce Exchange,
"      " N. Y.:

" Gentlemen.— Referring to your confirmation of sale, dated yesterday, we beg to advise you that the car number is N Y C 96955 and was only shipped this morning.      , Yours very truly,
"   H. DeHoff & Co."

On delivering the letter, the plaintiff told the defendants that the car was coming and was shipped on the sixteenth. " Q. What did he (Aspegren) say? A. He said I thought it was going to be shipped earlier; I said I can only tell you, I didn't pack the car myself, there is the fact; he says, all right and he took the letter." The car arrived January 4, 1916; the examination order was sent to the defendants, who sampled the fruit car and accepted the quality. " The quality," one of the defendants stated to the plaintiff, " was satisfactory." The plaintiff then sent to the defendants the bill of lading, the invoice and the weight test, together with plaintiff's bill, which were returned to the plaintiff with the following letter:

" New York, *Jan.* 6, 1916.
" Messrs. H. DeHoff & Co.,
"   Produce Exchange Bldg.,
"      " New York City:

" Dear Sirs.— We herewith have to return to you papers for Car 96955 — 600 Boxes Evaporated Apples

as on the test weights attached to your bill we regret to say that we cannot possibly accept this car. The test weights show that out of 10 Boxes, 4 Boxes weigh even less than 49 lbs. net, one box weighing only even 48½ lbs.

" Yours truly,

" Aspegren & Co."

The plaintiff thereupon proposed arbitration and arbitrators were appointed, who convened but took no action; Adolph Aspegren, who attended, having walked out. January seventh, plaintiff re-tendered the documents with a letter insisting upon immediate payment. " If you again refuse," the letter said, " we beg to advise you that we will sell these goods out on the open market for your account and hold you for the difference." To this letter the plaintiff received no reply and, upon the trial, Adolph Aspegren reiterated that the ground of objection was as stated in his letter. January eighth, the goods were sold for five and five-eighths cents per pound. . To recover one and one-eighth cents per pound on 29,640 pounds, amounting to $333.45, this suit was brought. The total poundage is calculated from the weight test, which showed the average net weight of ten of the 600 boxes to be 49.4 pounds per box.

The complaint sets up a contract or agreement between the parties and alleges that the agreement was evidenced by a written memorandum signed by the defendants, and quotes defendants' letter of December 15, 1915. It is further alleged that the plaintiff duly tendered the car to the defendants and delivered to them the usual and customary documents; whereupon the defendants examined the contents of the car " and approved the same as to quality but refused to accept

the same for the alleged reason that the weights of the boxes averaged not fifty (50) pounds per box and not for any other reason, and returned the documents to this plaintiff." The complaint also alleges that notice of sale was duly given and that the goods were sold for five and five-eighths cents per pound, with resulting damages. The answer denies that the plaintiff tendered to the defendants the specific car of apples referred to in the complaint, and further denies that the plaintiff at any time tendered or delivered to the defendants documents for a car of prime evaporated apples shipped to the plaintiff by Croucher & Packard on December 14, 1915. As a separate defense the answer alleges a re-tender by the plaintiff, which was rejected by the defendants without stating or assigning any specific reason or grounds therefor; also that the tendered documents referred to goods shipped, not on December fourteenth, but on December sixteenth, and that the plaintiff failed to perform the contract. In further separate defenses the defendants claim that the plaintiff tendered short weight and that there was not stamped on the boxes the net weight of their contents, as required by law. Before the taking of any testimony, the plaintiff moved to amend the complaint and the defendants were permitted to dictate an answer to the amendment; but amendment was never allowed, the court merely saying: " Well, on that I will reserve decision at this time." The complaint and answer, as originally filed, stand therefore as the pleadings in the case.

Upon the trial plaintiff relied upon full performance of the contract on his part. The defendants denied performance by him and tried to show, through cross-examination of plaintiff's witnesses, that the plaintiff had not delivered a " full weight " car. The defend-

ants further invoked the Statute of Frauds, claiming
" that the attempted oral modification of the contract
originally made is void under the Statute of Frauds."
This objection was pressed throughout the examina-
tion of the plaintiff and, to prevent frequent interrup-
tion, counsel for the defendants was allowed a general
exception to this line of testimony. The alleged viola-
tion of the statute was also one of the grounds on which
the defendants based their motion to dismiss the com-
plaint, and the decision and judgment of the trial court
was: " I hereby find and decide for defendants dis-
missing the action on the merits on the ground that the
delivery on Decr. 16th was within the Statute of
Frauds and the clerk is hereby directed to enter judg-
ment accordingly."

On December 15, 1915, the day the contract was
dated, the parties thereto supposed or assumed that a
specified car, the subject of the contract, had been
shipped by Croucher & Packard the day before,
namely, on December fourteenth. The day following
the date of the contract the plaintiff both wrote and
told the defendants that the car had been shipped, not
on the fourteenth, but on the sixteenth of December.
What then did the defendants, with such knowledge,
acquired December sixteenth, do on that day? They
would have been wholly within their legal rights, if
they had then declined generally to accept the car.
Instead, the defendants not only failed to object or to
rescind the contract, but, on the contrary, received
the letter; one of their firm saying to the plaintiff:
" All right." Then, for eighteen days, silence on the
part of both parties, until, on January 4, 1916, the car
arrived in the city of New York. Immediately on its
arrival the plaintiff gave to the defendants the custom-
ary order of examination, to enable them to inspect

the fruit. The defendants made prompt inspection and declared themselves satisfied as to quality; leaving quantity alone to be ascertained. The plaintiff then sends to the defendants the bill of lading, the invoice and the official certificate of weight — complete muniments of title — with his own bill, and demands payment. January sixth, the defendants return all documents and advise the plaintiff that they cannot possibly accept the car. In their letter they place their rejection solely on the ground of light weight. Although both parties then appointed arbitrators and the arbitrators met, yet the defendant who attended the session walked out. A few days later, after the goods had been sold for account of the defendants, this action was commenced.

In *Gould* v. *Banks,* 8 Wend. 562, where a party, who might have refused a tender, because it was too long delayed, placed his refusal, not upon the ground of delay, but upon the unmerchantable condition of the goods, the court, by Nelson, J., says at page 567: " He then put his refusal to accept the same, not upon the former default or lapse of time, but solely upon the ground that the books were unmerchantable. Upon well settled principles, this was a waiver of all other objections to the tender, and if he was mistaken in this, the tender was good, and is a bar to this suit."

In *Littlejohn* v. *Shaw,* 159 N. Y. 188, the plaintiffs sued under a written agreement to recover the price of an invoice of gambier, to be " shipped free in bags * * * February-March-April, '93." The defendants, in their answer, set up the above quoted condition of shipment and also alleged that the goods were unmerchantable. The testimony showed the rejection of the goods for two stated reasons, namely, their unmerchantable quality and condition. The opinion

of the court, per Gray, J., reads in part as follows:
" The defendants took the position upon the trial, and
they contend here, that under the contract of sale it
was incumbent upon the plaintiffs, and a condition
precedent to their recovery, to prove that all of its
terms were fulfilled on their part and, not having made
proof as to manner, condition, or time of shipment,
that their action should have been dismissed. As a
general rule, and without any facts which would take
the case out of the ordinary one of a general refusal
to accept the goods, the contention of the defendants
might be correct and the plaintiffs would be called upon
to establish their compliance with the essential stipula-
tions of the written contract. It would have to be
assumed that its several terms were of importance
to the parties and, therefore, that proof of compliance
was to be made as a condition of enforcing the defend-
ants' obligation to accept the goods. (*Hill* v. *Blake,*
97 N. Y. 216.) But, in this case, the defendants placed
their rejection of the gambier upon two specific
grounds, viz.: that it was not of good merchantable
quality and that it was not in good merchantable con-
dition. By thus formally stating their objections, they
must be held to have waived all other objections. The
principle is plain, and needs no argument in support
of it, that if a particular objection is taken to the per-
formance and the party is silent as to all others, they
are deemed to be waived. This waiver of all other
objections is not only justly inferable, generally; but
is especially so, when, as under the circumstances
present in this case, the deliberateness with which the
objections are stated leaves it to be implied that there
has been a consideration of the matter of the accept-
ance of the goods and a result reached upon particular
grounds. The defendants, therefore, were not in a

44

Supreme Court, Appellate Term, September, 1916.    [Vol. 96.

position to insist upon any other proof of the plaintiffs, to enable them to recover upon their cause of action, than that the gambier was of good merchantable quality and in good merchantable condition.''

In *Hess* v. *Kaufherr*, 128 App. Div. 526, the plaintiff contracted in March to sell to the defendants about 10,000 Palloien calf skins, " June shipment.'' In the following June about 6,000 skins, for which the defendants paid, were delivered and, in the forepart of the following August, the plaintiff tendered to them the balance which they refused to accept. " The specified ground upon which the defendants refused to accept delivery was that the skins were not merchantable. The plaintiff held the goods subject to the defendants' order and brought this action for the purchase price. The ground upon which the non-suit was granted was that the skins which were to be gathered in Russia for shipment were not shipped in June but at a later time. The defendants having in writing and orally formulated their objection to acceptance and placed it only upon the ground that the skins were unmerchantable, it was error to dismiss the plaintiff's complaint on the sole ground that shipment was not made in June as agreed. When the refusal to accept purchased goods is based upon particular objections, formulated and deliberately stated, all other objections are deemed waived, and the vendor to recover the price need only prove compliance with the contract of sale in the particulars covered by the stated objections. (*Littlejohn* v. *Shaw*, 159 N. Y. 188; *Gould* v. *Banks*, 8 Wend. 562, 567.) * * * In the case at bar the defendants specified and reiterated their ground for refusing acceptance, placing it wholly upon the claim that the first lot was of such inferior quality as not to be merchantable and hence that they would not accept

the second installment, and omitted to state that they refused to accept because shipment had not been made in June as stipulated by the contract. They, therefore, are deemed to have waived compliance with the contract in that respect, and it was not incumbent upon plaintiff to prove whether they were shipped in June or not.''

Although the defendants called no witnesses, but rested upon the plaintiff's case, they cross-examined the witnesses of the plaintiff with a view to establishing two facts: *first,* that the plaintiff had tendered short weight, and, *secondly,* that the boxes were not legally stamped or marked. The testimony so elicited by the defendants failed to establish even *prima facie* any omission to stamp the boxes. There was some proof, however, that plaintiff had tendered short weight and a question of fact in that respect arose. The issue so tendered was the only material issue of fact in the case. Yet, in the final disposition of the case, that issue of fact was overlooked. The trial court regarded the case as one involving only the Statute of Frauds; probably moved in no small degree to that conclusion by the insistence of the defendants' counsel. Yet, more than a month before suit was brought, the power of the trial court and the functions of defendants' counsel had been circumscribed by defendants' own acts. When, on January sixth, the defendants were called upon to accept or to reject the car-load they did not content themselves with a general rejection. They went a step further and specified a single ground of rejection, — short weight. By thus formally stating one objection, they must be held to have waived all other objections.

Evidently anticipating this dilemma, the defendants

alleged in their answer that, after the tender and rejection referred to in the complaint, the plaintiff retendered the rejected merchandise to the defendants and its said tender was rejected by said defendants " without stating or assigning any reason or grounds therefor." In line with this allegation of the answer the brief for the defendants asserts that they " were at liberty to raise any objection whatever against the acceptance of the goods, which the facts, or the law, support." Their claim in this respect is untenable, for the reason that the defendants failed to prove that the second tender was rejected by them without stating any specific grounds therefor. It is true that a second tender made by letter also advised the defendants that in case of non-payment the plaintiff would sell the goods in open market for their account. There is, however, no testimony that, after the second tender, the defendants specified any further ground of rejection. Presumably they stood upon their original letter of rejection. That such was their intention appears affirmatively from the following testimony of the defendant Adolph Aspegren: " Q. Now you rejected this car because you thought the weights were too low? A. They were too irregular, if this car had run in a small irregular average I would not have rejected it, but this car was four boxes that weighed less than 49 pounds, one box weighed only 48½ and that is the reason why I rejected it. Q. That is the reason why you rejected it? A. That is the reason why I rejected it, at that time I so stated in my letter." Therefore, as in the *Hess Case, supra,* " the defendants specified and reiterated their ground for refusing acceptance."

Obviously, the views already stated reject the theory of acceptance which the plaintiff advances. The goods were not shown to have been accepted by the defend-

ants with the intention of taking possession as owners. *Phillips* v. *Bistolli*, 2 B. & Cr. 511. Nor has this court overlooked the defendants' plea of the Statute of Frauds. The contract was clearly within the contemplation of that statute and, being in writing and duly subscribed, satisfied the requirements of the statute. When the defendants failed, however, not only to object under the statute, or to object generally, or even to reject the goods in silence, but voluntarily and deliberately specified a single ground of objection, they excluded all other objections.

Jaycox and Benedict, JJ., concur.

Judgment reversed, with thirty dollars costs, and new trial granted.