INTERNATIONAL CHEESE COMPANY, Respondent, *v.* GAETANO GARRA and Another, Appellants.

(Supreme Court, Appellate Term, First Department, May, 1919.)

Sales — prompt shipment — contracts — when attempted cancellation not a waiver that goods should be according to sample.

> Where on Saturday, June first, plaintiff accepted an order from defendant by wire of the day before for a shipment of cheese, and in an action to recover the purchase price it was conceded that plaintiff had agreed to deliver the shipment

"promptly" to defendants by the Clyde Line on board one of its ships at Philadelphia, but it appears that though the sailing days were Saturday and Wednesday the cheese was not delivered on board ship until Wednesday, June fifth, but not in time for sailing that day, and did not go forward until the following Saturday, and the defendants asked to go to the jury on the issue of prompt shipment, it was error to direct a verdict in favor of plaintiff unless the prompt shipment was waived.

Where in answer to a letter from plaintiff offering more cheese, defendants wrote that they did not want any and attempted to cancel the contract for delay in shipment, in which attempt plaintiff refused to acquiesce, the letter of defendants was not a waiver of their right to insist that the cheese should be according to sample.

Where a verdict directed for plaintiff was on the ground, as matter of law, that the defendants, having examined the cheese on its arrival in New York, and having stated one reason for canceling the contract, other objections to the receipt of the goods had been waived, the judgment entered on the verdict will be reversed and a new trial granted.

APPEAL by defendants from a judgment of the City Court of the city of New York, in favor of plaintiff, entered upon the direction of a verdict.

Lorenzo C. Carlino (Guido J. Giudici, of counsel), for appellants.

Smith & Tomlinson, for respondent.

BIJUR, J. Plaintiff sued defendants for the agreed price of a shipment of cheese. It is conceded that plaintiff had agreed to deliver the cheese "promptly" to defendants by the Clyde Line on board its ship at Philadelphia. The order was received by wire on the evening of May thirty-first. On the following day, June first (Saturday), plaintiff replied accepting the order. The Clyde Line ships sail from Philadelphia on Saturdays and Wednesdays. The shipment was

not delivered to the Clyde Line by plaintiff until Wednesday, June fifth, according to plaintiff, at eleven A. M., but according to a representative of the Clyde Line probably not in time for the sailing of that day. At all events it did not go forward on the steamer of that day, but only on the steamer of the following Saturday, the eighth.

There was, therefore, a question of fact presented, *i. e.,* whether plaintiff had complied with the contract to " ship *promptly* by the Clyde Line." *Doxey* v. *Coates, Bennett & Reidenbach, Inc.,* 181 App. Div. 207; *Lewis* v. *Hojer,* 16 N. Y. Supp. 534. The defendants having asked to go to the jury on that issue, it was error to direct a verdict (*Brown Paint Co.* v. *Reinhardt,* 210 N. Y. 162) unless the " prompt " delivery was waived as explained below.

In the meantime, namely, June seventh, plaintiff wrote to defendants offering some more cheese, and on June eighth the defendant replied as follows:

" Gentlemen.— Replying to yours of the 7th we wish to say that we do not want any cheese at the present. Also wish to advise that until now you have not shipped us the cheese we have ordered from you by wire, we wish to cancel same at once as we cannot use it any more.    *    *    * "

It is conceded that plaintiff refused to accept this " cancellation " of the order, and when the cheese finally reached New York, namely, June thirteenth, the defendants examined it.

When defendants undertook to testify to the effect that the shipment was not according to sample in support of a defense to that effect, the testimony was excluded on the ground " that the defendants having repudiated the contract on June 8th *for the reason that they could not use the cheese;* they waived all other objections to it." The letter of June eighth,

however, is not a repudiation of the contract on the ground that the defendants could not use the cheese, but on the ground that it had not been shipped as ordered, or in other words, defendants notified plaintiff of their rescission based on plaintiff's alleged breach of the contract in delaying shipment.

But, whatever may be the correct interpretation of the letter of the defendants undertaking to rescind the contract, or to " cancel " it as they say, plaintiff refused to acquiesce in such rescission and thus kept the contract alive as much for the benefit of defendants as for itself. *Rubber Trading Co.* v. *Manhattan Rubber Mfg. Co.,* 221 N. Y. 120. Consequently, defendants became entitled, if the jury should determine that the cheese had been promptly shipped or that such prompt shipment had been waived, to prove its other defense — that the goods were not according to sample.

The case was informally tried, and the result reached was based upon the court's determination, as matter of law, that the defendants having stated one reason for cancellation of the *contract* had waived other objections to the *goods*. The respondent undertakes to sustain this ruling by citation of the principle that by formulating certain objections to acceptance of a tender of goods the buyer waives those not named (citing *Littlejohn* v. *Shaw,* 159 N. Y. 188, 190, 191; *Smith* v. *Pettee,* 70 id. 13, 17; *De Hoff* v. *Aspegren,* 96 Misc. Rep. 681, 688), but it seems clear that the rule has no application to the case at bar. It is merely one form of applying the general and familiar doctrine of waiver. Where a buyer under the general duty to examine goods tendered or delivered to him (*Reed* v. *Randall,* 29 N. Y. 358; *Bierman* v. *City Mills Co.,* 151 id. 483) formally specifies certain defects as ground for their rejection, the authorities hold that, under

Appellate Term, First Department, May, 1919.    [Vol. 107.

appropriate circumstances, the inference naturally arises that any other objections are waived. *Littlejohn* v. *Shaw, supra,* 191. But in the instant case the original objection was not to the quality of the goods, nor was there at the time it was made any tender with the resultant duty or opportunity on the part of the defendant to examine them. Hence an inference that they waived any objections to the quality of the goods was not only unnatural but impossible. See *Brown* v. *Bard,* 64 Misc. Rep. 249.

It follows, therefore, that the defendants' letter of June eighth, followed by the plaintiff's refusal to acquiesce in their attempt at cancellation of the contract for delay in shipment, was not a waiver of defendants' right to insist, if they so chose, that the goods should accord with sample.

It may be that had defendants been permitted to testify to the circumstances under which they examined the goods, an issue of fact might have been presented as to whether they had so dealt with the goods as to have waived the right to insist on the cancellation of the contract for delay in shipment; but that question is not before us for determination, nor was it presented at the trial, because, as I have said, the relevant testimony was excluded.

Judgment reversed and new trial granted, with costs to appellant to abide the event.

GUY and DELEHANTY, JJ., concur.

Judgment reversed and new trial granted, with costs to appellant to abide event.