Per Curiam.

Assuming that the sales contract between these parties could have been terminated by either under the clause “ Prices are subject to change without notice ”, it continued binding until one party informed the other of a change in' price. No notice of a change in price was given. When delivery of the goods was tendered by the seller, it was rejected by the purchaser solely on the ground that the quality of the *139 material did not measure up to the contract. Rejection on this ground waived the right to change the price (Littlejohn v. Shaw, 159 N. Y. 188; Hess v. Kaufherr, 128 App. Div. 526). The contract; including the arbitration clause, thus remains effective concerning these transactions. The presence in a contract of a clause terminating it at the option of either of the parties “ has no effect on the binding obligations of the contract as long as the parties continue to act under it before revoking or terminating it.” (17 C. J. S., Contracts, § 399, p. 889.)
The order appealed from should be 'affirmed, with $20 costs and disbursements.
Martin, P. J., Glennon, Dore and Van Voorhis, JJ., concur; Callahan, J., concurs in result.
Order unanimously affirmed, with $20 costs and disbursements.