HAWES et al. *vs.* LAWRENCE et al.                [345]

The plaintiffs, by written contract made on the 3d of April, sold to the defendants in New-York a quantity of English linseed oil, " to arrive per ship Marcia from London, *sailed on or about the 15th of March ult.*" HELD, that the statement in the contract as to the time of sailing was a mere representation and not a warranty, and being made without fraud, that the defendants were bound to accept and pay for the oil, although the vessel did not sail until the 26th of March, and her arrival in port was thereby delayed.

And therefore *held further*, that evidence showing that the spring trade in oil had ceased when the vessel arrived, and that it would be subject to deterioration by being kept until the fall trade should commence, was not admissible in behalf of the defendants, in an action brought against them on the contract.

HAWES and others, composing the firm of Hawes, Gray & Co., brought assumpsit against Lawrence & Hicks, in the superior court of the city of New-York, to recover the deficiency in price on a quantity of oil which the plaintiffs agreed to sell to the defendants, and which was sold at auction by the plaintiffs at less than the contract price, after the defendants had refused to accept and pay for it pursuant to the contract.

At the trial before SANDFORD, J. in December, 1848, it appeared that on the 22d of February, 1847, the plaintiffs were advised by their London correspondent of the intended shipment

of 25 tons of linseed oil, per ship Marcia then at London, *to sail on the* 15*th of March.* On the 3d of March they were advised that the oil was in the course of shipment, and that the invoice of the 25 tons would be sent forward. On the 22d of March, the plaintiffs, who resided at Boston, directed one Harding, their agent in New-York, to offer for sale 25 tons of English linseed oil, *to arrive.* On the 3d of April, Harding agreed to sell the oil to the defendants, by a note in writing as follows :

" Sold for account of Messrs. Hawes, Gray & Co., Boston, to Messrs. Lawrence & Hicks, New-York, about 6000 gallons prime English linseed oil, in usual size packages, to arrive per ship Marcia from London, *sailed on or about the* 15*th March ult.* at 72c. per gallon cash, deliverable in Boston or New-York, at the option of the buyers—the vessel being bound to the [346] port of Boston. HENRY M. HARDING,

New-York, April 3, 1847. Broker."

It also appeared that the Marcia did not leave the London docks until the 26th of March, and had an uncommonly long passage. She arrived at Boston on the 15th of May. The defendants refused to accept and pay for the oil, and it was sold at auction for account of whom it might concern, for less than the price specified in the contract. In the course of the trial the defendants offered to show that there was a spring and fall trade in linseed oil, that the spring trade was over when the oil in question arrived, and that it was not a desirable article to keep over the summer. This evidence was objected to, and excluded by the court. The defendant also offered to show, that by commercial usage, and in the particular case, a vessel sailing on the 26th of March would not be considered as sailing on or about the 15th. This evidence was also objected to and excluded.

The evidence being closed, the defendants' counsel requested the court to charge, among other things, that the vessel did not sail at the time stated in the contract, and therefore that the plaintiffs could not recover. The court refused so to charge, and did charge that the sailing of the vessel on or about the 15th of March was not a condition of the contract; and that the representation in the contract as to the time of sailing, if made with-

out fraud, did not prevent the plaintiffs from recovering. The defendants excepted. The plaintiffs had a verdict for $852,58. A new trial was refused by the superior court, and after judgment the defendants appealed to this court.

*H. Nicoll*, for appellants.

*D. Lord*, for respondents.

PRATT, J. This case must turn upon the construction of the contract of sale. If the words " sailed on or about the 15th March ult." in the memorandum of sale ought to be construed as a condition or a warranty that the vessel had sailed within the time implied by those terms, the defendants were under [347] no obligation to receive the goods and complete the sale, unless the vessel had actually sailed at a time within the terms of such condition or warranty.

It was not contended upon the argument that the terms used were intended by the parties as an express condition, but the defence was based upon the assumption that they were intended by the parties as a warranty that the vessel should sail · at the time specified. As the contract was executory, the defendants would not have been bound to accept the oil if there had been a breach of warranty in relation to the time of sailing. It becomes therefore the only question in the case, whether, by a fair construction of the contract of sale, this should be deemed a warranty or a mere representation. Although it is by no means free from doubt, I am inclined to the opinion that no warranty was intended by the parties.

In the first place, if the time of sailing had been deemed important by the parties, and likely to affect materially their interests, it is somewhat strange that they had not specified a particular day after which if the vessel should sail the contract should be void. The fact that the time was left thus vague raises a strong presumption that the parties did not intend to make the time of sailing a material part of the contract. Neither party knew the exact time of sailing, but both supposed it was

near the 15th. Again, if those words amount to a warranty, the plaintiff would have been liable to the defendants for any damages which he might have suffered in consequence of the delay. Nay more, if for any cause the vessel had failed to sail altogether, the plaintiffs would have been responsible for any loss of profits in the adventure which the defendants might have sustained. I can not think that the parties would have couched a provision so important in its bearing upon their interests in so uncertain and vague terms. I think it should be construed rather as a mere representation of the belief of the factor, which in the absence of any fraud or intentional misrepresentation can not affect the contract.

It was said upon the argument, that if the time mentioned [348] had been definite, as on the 15th of March, it would have constituted a warranty. Whether that be so or not can not affect the decision in this case. The primary object in the construction of contracts is to arrive at the intention of the parties. The fact that an expression is left vague and uncertain where it might readily have been made definite and certain, may exert an important influence upon that question.

Again, it was said that if the goods had been insured, and the application had described the vessel as having sailed " on or about the 15th of March," it would have been held a warranty. I think this position may well be doubted. If the applicant withholds any information which is material, and which if known might increase the hazard, it would undoubtedly make the policy void. (5 *Hill,* 188 ; 2 *Denio,* 75.) And when any representation amounts to a warranty in a policy of insurance, if not true it renders the policy void, whether it be material to the risk or not. One of the cases cited by the defendants' counsel shows that the time of sailing specified in a policy is not always deemed a warranty. In *Mackey* v. *Rhinelander,* (1 *John. Cas.* 408,) the assured had represented in his application that the vessel had been out nine weeks, whereas it had been out ten weeks and four days. The court held the variance not material, as it had not been out sufficiently long to raise any suspicion of loss or accident. In that case the party knew, or

at least had the means of knowing, how long the vessel had in fact been out. If the words had amounted to a warranty the underwriters would have been discharged, whether material or not. They must therefore have been considered by the court to be mere representations forming no material part of the contract.

Upon the whole I think that the time of sailing specified in this contract was not intended by the parties as a warranty, and the defendants were not discharged from their obligation to receive and pay for the oil.

If this view of the construction of the contract be correct, then the offer to show the meaning of the words " on or about" was properly rejected. So also was the offer to show when the season for the trade in oil commences and terminates. Had the evidence upon the latter point been received, it would [349] only tend to show that the defendants had made a very imprudent contract, but it could scarcely have thrown any light upon the construction of the contract itself. The letter of May 28 was offered as an answer to a letter from the plaintiffs which the defendants themselves had put in evidence, and was clearly improper. The judgment should therefore be affirmed.

Judgment affirmed.