## SCHIFF v. WINTON MOTOR CAR CO.

(Supreme Court, Appellate Term, First Department. June 14, 1915.)

1. SALES ⊂⇒81—TIME OF DELIVERY—ON OR ABOUT.
   A contract to "deliver on or about          touring car immediately, limousine body October 15, 1913," the words "deliver on or about" being printed, and the rest written in, the limousine body is deliverable on or about October 15th.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 217–223; Dec. Dig. ⊂⇒81.]

2. SALES ⊂⇒79—PLACE OF DELIVERY.
   Where no specific place of delivery is mentioned in a contract of sale, the place of delivery is defendant's place of business (Laws 1911, c. 571, § 124).
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 214–216; Dec. Dig. ⊂⇒79.]

3. SALES ⊂⇒117—TIME OF DELIVERY—NEGLECT—RESCISSION.
   Where a limousine body is under contract deliverable on or about October 15th, but the body does not arrive at the seller's place of business until October 24th, and thereupon two letters are duly mailed to the buyer,

---

one October 24th, and another November 28th, which he claims he did not receive, but he did know that the body had arrived there on November 5th, there is no excusable neglect, authorizing a rescission and recovery of a deposit made.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 291; Dec. Dig. ☞117.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Harry Schiff against the Winton Motor Car Company. From a judgment for plaintiff, dismissing a counterclaim, defendant appeals. Judgment reversed, complaint dismissed, and judgment rendered for defendant on a counterclaim.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

Crisp, Randall & Crisp, of New York City (Theodore M. Crisp and W. Benton Crisp, both of New York City, of counsel), for appellant.

Jacob I. Berman, of New York City, for respondent.

WHITAKER, J.   The action was brought to recover the sum of $350 deposited with defendant upon the purchase by plaintiff of a limousine automobile body.   Upon the trial the parties entered into the following stipulation:

"It is stipulated, consented, and agreed that the following facts are true, and that no evidence in support of any of them need be offered by either party, upon the trial of this action:

"The defendant is a 'corporation organized and existing under and by virtue of the laws of the state of Ohio, and is engaged in the manufacture and sale of automobiles and parts thereof.   Its factory is located at Cleveland, Ohio, but it has a salesroom and branch office in the borough of Manhattan, city of New York.   It has duly complied with all the laws of the state of New York relating to foreign corporations, and has received from the secretary of state a certificate authorizing it to carry on business in this state.

"On the 12th day of June, 1913, plaintiff and defendant entered into a written contract at defendant's said salesroom and branch office in the borough of Manhattan, city of New York, the original of which is introduced in evidence herein by both the plaintiff and defendant, and marked 'Plaintiff's Exhibit A,' and 'Defendant's Exhibit 1.'   By the terms of this contract, plaintiff agreed to purchase from the defendant and the defendant agreed to deliver to him as in said contract provided: (1) A 1914 Winton touring car automobile; and (2) one of defendant's 1914 four-door limousine automobile bodies.

"The automobile purchased by the plaintiff was delivered to him by the defendant, and the same was duly accepted and paid for by him.   The present dispute between the parties hereto arises with regard to the limousine body.   The price agreed in the contract to be paid by plaintiff for said body was seventeen hundred and fifty ($1,750) dollars.   At the time of the signing of the contract plaintiff paid to defendant as a deposit thereon the sum of three hundred and fifty ($350) dollars.   The defendant did not deliver said limousine body to the plaintiff on the 15th day of October, 1913, as the body did not arrive in New York from defendant's factory at Cleveland until the 24th day of October, 1913.

"Plaintiff admits that on or about the 15th day of February, 1914, he received a letter from defendant, signed by George Geis, Asst. Mgr. N. Y. Branch, dated February 14, 1914, notifying him that the body had been received in New York, and requesting him to take delivery thereof.   Plaintiff also admits that he made no reply to this letter.

"On or about the 20th day of August, 1914, plaintiff received by mail a communication from defendant's attorneys, notifying him that said body was then at the New York branch office of the defendant awaiting delivery upon his paying the balance due thereon, marked 'Defendant's Exhibit 2'; and on the 20th day of September, 1914, plaintiff received a copy notice and demand, marked 'Defendant's Exhibit 3.'

"That plaintiff did not take delivery of said body, and thereafter on the 21st day of October, 1914, said limousine body was sold at public auction by Charles Shongood, auctioneer, at his salesrooms, No. 935 Broadway, New York City. That said body was sold to the highest bidder at said sales for $700, and that the net amount received by defendant at said sale was six hundred and sixty-two $40/100$ ($662.40) dollars, which, together with the three hundred and fifty ($350) dollars deposit made by defendant and above referred to, defendant claims the right to apply as a credit upon the purchase price of said limousine body.

"This action was commenced by plaintiff to recover the deposit of three hundred and fifty ($350) dollars, which he made at the time of the execution of the contract. The defendant has pleaded as a defense the failure of the plaintiff to accept delivery of the said body in accordance with the terms of the contract, and has set up by way of a counterclaim the balance due upon the purchase price of said body, to wit, seven hundred and thirty-seven $60/100$ ($737.60) dollars. The amount of defendant's counterclaim is arrived at by deducting from the contract purchase price of seventeen hundred and fifty ($1,750) dollars the net sum received by defendant upon the sale of the body above referred to of six hundred and sixty-two $40/100$ ($662.40) dollars, plus three hundred and fifty ($350) dollars, the deposit already paid by plaintiff to defendant, and which this action has been brought to recover.

"Dated New York, December 5, 1914.

"J. I. Berman,<br>
"Attorney for Plaintiff.<br>
"Crisp, Randall & Crisp,<br>
"Attorney for Defendant."

The chief question in dispute is the proper construction to be placed upon the contract concerning the time of delivery of the limousine body. Plaintiff claims that under the terms of the contract the delivery was to be made on October 15, 1913. Defendant claims that it was to be delivered on or about October 15, 1913. The contract in reference to the delivery of both the limousine body and automobile was in the following words:

"Deliver on or about          touring car immediately, limousine body October 15, 1913."

The words "Deliver on or about" were in printed form, and the words "touring car immediately, limousine body October 15, 1913," were in writing, and were filled in a vacant place following the printed words "Deliver on or about." The limousine body was received by the defendant at its place of business on October 24, 1913, 10 days after the plaintiff claims under the terms of the contract it was to be delivered to him. The plaintiff telephoned, asking about the delivery on October 16th and 18th, stating to defendant's manager:.

"You promised to have it on the 15th. If I don't get it, I don't know if I will take it."

This is the only evidence that tends to show a cancellation of the contract by reason of nondelivery on the date plaintiff claims was specified.

The defendant wrote a letter to plaintiff on October 24, 1913, which was duly mailed and properly addressed, advising him that the limou-

sine body had arrived and was ready for him. Plaintiff swears he never received this letter, and the defendant, hearing nothing from plaintiff, wrote again to the same effect on November 28, 1913, which letter was also duly mailed and properly addressed, which the plaintiff also testifies he never received. On February 10, 1914, defendant wrote a letter to plaintiff, demanding payment of a small general balance due from plaintiff, to which plaintiff replied that he was in the hands of the receiver and asking defendant to deduct the amount of plaintiff's indebtedness on general account from the deposit of $350. Nothing further was done in the matter until August 19th, when plaintiff was notified that, unless he paid the balance of the purchase price and took the body, it would be sold for his account, etc. Thereafter defendant did sell the body, as is shown by the above stipulation.

[1] There is no evidence that plaintiff gave notice that he elected to cancel the contract other than is above quoted from plaintiff's testimony. Plaintiff knew on November 5th that the body had arrived at defendant's place of business. In order to take the construction placed upon the contract by plaintiff and the court, it would be necessary to strike out entirely the word "about." The rules for construing contracts and statutes require that, if it is possible to do so, all the words must be given some meaning. Canons of construction forbid either the elimination from or insertion of words in a contract in construing its meaning. Should we strike out the word "about" in this contract, we must also strike out the words "Deliver on or." And, should we strike out these words, the following words: "October 15, 1913"— would be meaningless. All four words, "Deliver on or about," refer to the succeeding words, "October 15, 1913." This construction makes a complete sentence. Strike them out, and there is no explanation of what the term "October 15, 1913," means. And it would be as justifiable to strike out all these words as one of them. We think, therefore, under the terms of the contract, delivery was to be made on or about October 15, 1913, and under well-settled rules of law this meant either on October 15, 1913, or within a reasonable time thereafter. Hawes v. Lawrence, 4 N. Y. 345.

[2] There being no specific place of delivery mentioned in the contract of sale the place of delivery was the defendant's place of business in New York City. See section 124, c. 571, Laws of 1911; Bliss Co. v. U. S. Incandescent Light Co., 149 N. Y. 300, 43 N. E. 859.

[3] The record does not disclose such inexcusable neglect upon the part of defendant as would justify plaintiff in assuming that defendant had abandoned or refused to comply with the terms of the contract. The evidence shows that on the very date the limousine body arrived at defendant's place of business, October 24, 1913, plaintiff was notified of the fact by letter duly mailed; also on November 28th, in the same manner. In the absence of evidence to the contrary, the defendant was justified in assuming that plaintiff received the notice mailed to him. In addition to this, plaintiff admits that on November 5th he had knowledge that the body was at defendant's place of business. Our conclusion is that the delivery of the limousine body was within a reasonable time after October 15, 1913, as required by the contract, and

that upon the facts disclosed by the record and the stipulation entered into between the parties upon the trial the court should have dismissed the complaint and awarded judgment in favor of the defendant on the counterclaim to the extent of $500.

Judgment reversed, with costs, and complaint dismissed, and judgment rendered for the defendant upon his counterclaim for the sum of $500, with appropriate costs in the court below.   All concur.