## WILLIAMS S. S. CO., Inc., v. McLEOD LUMBER CO.

(District Court, W. D. Washington, N. D.   March 11, 1924.)

No. 8040.

Shipping ⊜⇒38—"About" a certain date, in transportation contract construed.

While in mercantile contracts time is of the essence, a statement that vessel "would load about June 2d" and "about June 5th" was a mere representation, and not a warranty, and, while "about" is a comprehensive term and when used with regard to time may cover a considerable extent, and has no definite trade meaning, it does not signify that time is immaterial, and where the one contracting to load and transport notified shipper that it would load "about June 12th," this verbal notice fixed the time and June 12th became a warranty, and where on June 8th the transportation company notified shipper that the vessel would not be ready to load until June 18th, the shipper was then warranted in declining the space, and was absolved from the charter agreement.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, About.]

In Admiralty. Libel by the Williams Steamship Company, Inc., against the McLeod Lumber Company. On exceptions to amended libel. Exceptions sustained.

An amended libel in personam is filed, alleging execution of a contract to transport 300,000 feet of lumber from Tacoma to New York City, to be loaded about June 2, 1923, and another contract to transport 121,000 feet of lumber from Tacoma to Portsmouth, Va., to be loaded about June 5th, both shipments to go on the same vessel. The contracts were executed April 9 and April 22, 1923, respectively. On or about May 30th, following, libelant advised respondent orally that the vessel would begin loading about June 12th, and no objection was made. On June 8th, following, libelant notified respondent that the vessel would load about June 18th, whereupon respondent advised libelant that, on account of the vessel's failure to be ready to load at the time stated in the contract, respondent declined to use the space provided. The value of the space is sought to be recovered.

Bogle, Merritt & Bogle and R. A. Jordan, all of Seattle, Wash., for libelant.

Huffer, Hayden & Bucey, of Seattle, Wash., for respondent.

NETERER, District Judge. While in mercantile contracts time is of the essence (Norrington v. Wright, 115 U. S. 188, 6 Sup. Ct. 12, 29

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

L. Ed. 366), the statement that the vessel would load "about June 2d" and "about June 5th" is a mere representation, and not a warranty (Hawes v. Lawrence et al., 4 N. Y. 345), and while "about" is a comprehensive term, and when used with regard to time may cover a considerable extent (James v. State, 40 Tex. Cr. R. 190, 49 S. W. 401), and has no definite trade meaning (Bennett v. Lingham [D. C.] 31 Fed. 85; Massari v. Forest Lbr. Co. [D. C.] 290 Fed. 470), it does not signify that time is immaterial, but only that the precise date is not warranted (Sanders v. Munson, 74 Fed. 649, 20 C. C. A. 581; Connell Bros. v. H. Diederichsen & Co., 213 Fed. 737, 130 C. C. A. 251).

The libelant may not enlarge the time of the indefinite term "about" by repeated use. The indefinite term "about" was construed by the libelant on May 30th to be "about June 12th," and was not objected to by the respondent. This construction fixed the time, and June 12th must be held a warranty (The Texandrier, A. M. C. 1923, p. 722), and when the libelant, on June 8th, advised respondent that the vessel would not be ready to load until June 18th, the respondent thereupon declined the space, and was absolved from the charter agreement.

The exceptions to the amended libel are sustained.