EDWARD HILL, Appellant, v. JOHN BLAKE et al., Respondents.

The substance of a contract, valid only because in writing, cannot be varied by parol.

The parties entered into a written contract at New York city by which plaintiff was to sell, and defendants to purchase at a price specified, " one hundred tons No. 1 Eglinton Scotch iron, for shipment by sail, in December, 1879, or January, 1880, seller's option." The iron was not shipped as agreed, but, in February, 1880, plaintiff stated to one of the defendants that he could give them the iron out of a steamer " probably next week," or could give a vessel's name to sail that month, to which said defendant replied that the later shipment would suit him better. On February 26, plaintiff wrote defendants " one hundred tons No. 1 Eglinton pig iron, sold last month, was shipped by the ' Enos Soule.' " No reply was sent. On April 8, 1880, defendants gave plaintiff written notice of the cancellation of the contract because of non-delivery, as agreed. The Enos Soule arrived at New York with iron on board, and, on April 23, 1880, it was tendered defendants, who refused to receive, and after notice to them plaintiff sold it. In an action to recover the difference between the contract and the selling price, *held* that, in the absence of evidence that plaintiff could have provided iron in accordance with the written contract, but in consequence of what was said, omitted so to do, the omission to furnish iron shipped in the months specified, authorized defendants to rescind the contract; and that the subsequent arrangement was not binding upon them, as it was invalid under the statute of frauds; that the question was not simply as to a waiver of time of performance, but related to the identity of the thing sold.

(Argued October 8, 1884; decided November 25, 1884.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made the first Monday of May, 1882, which affirmed a judgment in favor of defendants, entered upon an order nonsuiting the plaintiff on trial.

The nature of the action and the material facts are stated in the opinion.

*Thomas H. Rodman* for appellant. The time and mode of performance of a contract for the sale of goods, although within the statute of frauds, may be extended and modified by parol. (*Blanchard* v. *Trim*, 38 N. Y. 225; *Cuff* v. *Penn*, 1 Maule & Sel. 21; *Organ* v. *Stewart*, 60 N. Y. 419; *Cummings* v. *Arnold*, 3 Metc. 486; *Stearns* v. *Hull*, 9 Cush. 31; *Blanchard*

v. *Trim*, 38 N. Y. 227; *Goss* v. *Lord Nugent*, 2 Nev. & Man. 33; *Marshall* v. *Lynn*, 5 M. & W. 109; 1 Greenl. on Ev. [13th ed.], §§ 303, 304; 2 Whart. on Ev., § 901; *Keating* v. *Price*, 1 Johns. Cas. 22; *Fleming* v. *Gilbert*, 3 Johns. 528; *Frost* v. *Everett*, 5 Cow. 497; *Mayor, etc.,* v. *Butler*, 1 Barb. 325, 327; *Esmond* v. *Van Benschoten*, 12 id. 366; *Clark* v. *Dales*, 20 id. 42, 64; *Stone* v. *Sprague*, id. 509, 515; *Robertson* v. *Batchelder*, 4 N. H. 40; *Cox* v. *Bennett*, 1 Green, 168; *Franklin* v. *Long*, 7 Gill. & Johns. 401; *Walkins* v. *Hodges*, 6 Harr. & J. 38.) There is nothing in the objection that the parol arrangement was invalid for want of consideration. The original written contract was sufficient consideration. (*Burt* v. *Saxton*, 1 Hun, 551; *Clark* v. *Dales*, 20 Barb. 42; 14 Serg. & Rawle, 241; *Evans* v. *Thompson*, 5 East, 189, 193; *Hasbrouck* v. *Tappan*, 15 Johns. 200, 204; *Burt* v. *Saxton*, 1 Hun, 551; *Friess* v. *Rider*, 24 N. Y. 367; *Dearborn* v. *Cross*, 7 Cow. 50; *Esmond* v. *Van Benschoten*, 12 Barb. 370; *Stearns* v. *Hall*, 9 Cush. 31; *Cummings* v. *Arnold*, 3 Metc. 486; *Munroe* v. *Perkins*, 9 Pick. 298; *Blood* v. *Hardy*, 15 Me. 61; *Richardson* v. *Cooper*, 25 id. 450.) He who prevents a thing being done shall not avail himself of the non-performance he has caused. (*Fleming* v. *Gilbert*, 8 Johns. 528; *Mayor, etc.,* v. *Butler*, 1 Barb. 337; *Young* v. *Hunter*, 6 N. Y. 204.) A party may waive a right at any time. (*Keating* v. *Price*, 1 Johns. Cas. 22; *Esmond* v. *Van Benschoten*, 12 Barb. 336; *Clark* v. *Dales*, 20 id. 42; *Dodge* v. *Crandall*, 30 N. Y. 307.) Defendant's letter of April 8, 1880, was a positive, absolute refusal to carry out the contract, and dispensed with the formality of plaintiff's tendering any performance. (Benjamin on Sales, 557; *Howard* v. *Daly*, 61 N. Y. 362; *Pollen* v. *Le Roy*, 30 id. 549.)

*Thomas Darlington* for respondents. The agreement, for the breach of which the plaintiff seeks to recover damage in this action, is void under the statute. (Part 2, R. S., chap. 7, tit. 2, § 3.) By incorporating in the written agreement of January 23, 1880, the manner of shipment and the time it should be

made, these elements became essential parts of the contract, as much so as the character and quality of the iron, and a failure in respect thereto would entitle the other party to regard the contract as broken. (*Lawrence* v. *Miller*, 86 N. Y. 139; *Welsh* v. *Grossler*, 89 id. 540, 548 ; *Babcock* v. *Emerich*, 28 Hun, 642; *Cunningham* v. *Judson*, 17 Week. Dig. 437; *Seipel* v. *Int. Life Ins. & Tel. Co.*, 84 Penn. St. 47; *Graves* v. *White*, 87 N. Y. 463; *White's Bank* v. *Myles*, 73 id. 338; Addison on Contracts, § 359; *Goss* v. *Nugent*, 5 B. & A. 66; *Stowell* v. *Robinson*, 3 Bing. N. C. 928; *Harvey* v. *Grabham*, 5 Ad. & El. 61; Browne on Frauds, § 411 *et seq. ;* 1 Parsons on Contracts, 365, 368, 369; *Dana* v. *Hancock*, 30 Vt. 616; *Whittier* v. *Dana*, 10 Allen, 326.) If an executory contract required by the statute to be in writing be changed, either in regard to the amount or quality of the goods to be delivered, price paid, terms of sale, or manner of performance, the change must be evidenced by the same description of testimony. (*Stead* v. *Dauber*, 10 Ad. & El. 65; *Blood* v. *Goodrich*, 9 Wend. 69.) A waiver of the time of performance to be effective must be either, before breach, when it would operate by way of estoppel, or after breach, upon a new consideration, when it operates by way of release. (*Ripley* v. *Ætna Ins. Co.*, 30 N. Y. 136, 164.) Even assuming the validity of the contract it was executory, and in order to put the defendants in default the plaintiff must show a tender of performance, or at least a proof of an ability and readiness to perform. (*Hargous* v. *Stone*, 5 N. Y. 73.) It was the duty of the plaintiffs to tender iron of the character and quality called for by the contract. (*Shields* v. *Pettee*, 4 N. Y. 124; *Brown* v. *Weber*, 38 id. 187; *Paige* v. *Ott*, 5 Den. 406; *Nelson* v. *Plimpton Fire-Proof Co.*, 55 N. Y. 480; *Dinham* v. *Pettee*, 8 id. 508; *Lester* v. *Jewett*, 11 id. 453.)

DANFORTH, J. This action was brought against the defendants for not accepting a quantity of iron. Upon the trial there was no dispute as to the facts, and at the close of the plaintiff's

case the trial judge dismissed the complaint. The General Term thought he was right in so doing, and whether he was or not is the question before us.

The complaint stated a contract in writing as hereinafter set out for the sale and delivery of certain iron, and its modification by parol, a tender of the iron, and the defendants' refusal to accept.

The answer admitted the written contract, but put in issue the other allegations of the complaint.

Upon the trial it appeared that the written contract was in form a bought-and-sold note, made by a broker (whose authority was not questioned), in these words :

"NEW YORK, *January* 23, 1882.

Sold for account of Edward Hill, Esq.,

To Messrs. Blake & Mahoney, one hundred (100) tons *No.* 1 Eglinton Scotch pig iron for shipment by sail, in December, 1879, or January, 1880, seller's option, and to be delivered ex ship in port of New York price, thirty-two dollars ($32) per ton, of two thousand two hundred and forty pounds United States' Custom House weights, to decide quantity, terms cash on presentation of invoice, with United States' certificate of weight."

On the 2d of February, 1880, the plaintiff informed the defendants that the iron was shipped about January 12, per "Blomindon," from Great Britain for New York, but on the 14th of February he wrote them a letter which does not appear to have been received. The plaintiff testifies that soon after sending it he met defendant Blake and asked "if he had received the letter ? " Blake replied "no," and the plaintiff said, "the purport of it was that I can give you your iron out of the 'Athos' probably next week, or I can give you a vessel's name to sail from Great Britain this month ; but in either case the iron is to take the place of the 'Blomindon,' as I am told this morning that the 'Blomindon' was an error." Mr. Blake replied, "Well, I do not want the iron now ; the later ship-

ment will suit me better." I said, " Very well, that fixes it," and we parted.

The "Athos" here referred to was a steamer. On the 26th of February he wrote the defendants "I am advised that the one hundred tons No. 1 Eglinton pig iron sold last month is shipped per ' Enos Soule ' from Liverpool (or London) reported as having sailed 21st instant," but received no reply or other communication until April 8, 1880, when they gave him written notice in these words: " We *cancel* the contract for one hundred tons No. 1 Eglinton Scotch iron, bought from you on January 23, 1880, through Mr. Geo. A. Boynton, which was to be shipped during December, 1879, or January, 1880, from the other side. You advised us it was shipped on January 12, 1880, per the ' Blomindon ' from Great Britain. We sold the iron to other parties, and they notify us that they will not receive it, as it was not delivered according to contract. There-fore, we notify you that *our* contract is null and void."

The " Enos Soule " arrived with iron on board, and on the 23d of April it was tendered the defendants, but they refused to receive it, and the plaintiff after notice to them sold the iron at a price less by $1,444.37 than the price named in the note, and for that sum claims to recover.

It is conceded by the appellant that to succeed on this appeal he must take the contract out of the statute of frauds (2 R. S., tit. 2, pt. 2, chap. 7, § 3, p. 136). Both parties agree that the original note was sufficient, but the question relates to its modi-fication. We must, in the first place, assume that all the stipu-lations in the note were considered of importance by the par-ties, and that they were placed there for a purpose; for what purpose it is not material to inquire. It is enough that they constitute the agreement, and, therefore, cannot be dispensed with. There is first mentioned the thing that is sold;— not iron simply, but " No. 1 Eglinton Scotch pig iron for shipment by sail, in December, 1879, or January, 1880." I do not see that one word of this description can be omitted, unless the court is at liberty to make a new contract for the parties. It is for something answering all these conditions that the defendants

agreed to pay, and when called upon by the plaintiff to do so, they may say as they have said, the iron you tender is not the iron we bought, it was not for shipment, nor was it shipped at either of the times stated. Iron shipped February is not within the option.

A case arising upon a similar contract came before the Queen's Bench Division in England (L. R., 1 Q. B. D. 470 ; 2 id. 112), and afterward on appeal before the House of Lords and Privy Council (L. R., 2 Appeal Cases, 455), and the same interpretation was given to it. There the defendants by contract dated at London, in March, bought of plaintiffs "about six hundred tons of Madras rice, to be shipped at Madras or coast for that port during the months of March $\frac{and}{or}$ April, per Royal Cochin." It filled eight thousand two hundred bags, of which seven thousand one hundred and twenty were shipped between the 23d and 28th of February, one thousand and thirty bags on the 28th of February, and the rest on the 3d of March. Defendants refused to accept the rice, and the Court of Queen's Bench and Privy Council held that nine-tenths having been completely shipped in February, the rice was not shipped in March $\frac{and}{or}$ April, and the defendants were not bound to accept it. In the latter court it was said the words as to shipment were "part of the description of the subject-matter," and were a warranty or condition precedent that the article sold should be an article of that kind, and that the plaintiff had not launched his case until he had tendered that thing which had been contracted for, not three hundred tons of rice in gross or in general, but three hundred tons put on board during the months named, and all the judges agreed that "it is not the article rice only that is sold, but the thing that is sold is the article rice shipped in March or April, and that the article rice shipped in February is not the article which has been purchased by the defendants."

It of course cannot be doubted that the omission to furnish iron shipped in December or January authorized the defendants to rescind the contract (*Welsh* v. *Gossler,* 89 N. Y. 540), and if the above views are correct, the verbal arrangement sub-

sequently made related to the thing sold or contracted for, and is not binding upon the defendants. To admit it would vary by parol the substance of a contract valid only because in writing, and this cannot be done without a violation of the statute. I do not think it necessary to inquire whether the mere time of performance might be waived by parol, for that is not the question. The only one before us relates to a substantial matter, one affecting the identity of the thing sold, and without mention of which there could have been no contract, and which, although agreed upon, would have been invalid if not in writing.

No estoppel has arisen against the defendants. There is nothing to show that the plaintiff, in consequence of what was said, omitted to provide iron according to the contract, or that he could have provided it if no words had passed with the defendant. The erroneous notice was of iron shipped January 12th, this he withdrew on the 14th of February, and his offer then was to deliver iron from steamer, not sailing vessel, or iron shipped by sailing vessel in February. They were not bound by the contract to take iron from a steamer, and as before said, could not be required to do so from a vessel sailing in February. The plaintiff was able to do only one of these things, and by the offer he could not put the defendants in default.

The judgment should be affirmed.

All concur, except RUGER, Ch. J., and EARL, J., dissenting, and RAPALLO, J., absent.

Judgment affirmed.