Lomax Littlejohn et al., Respondents, *v.* Daniel A. Shaw, et al., Appellants.

1. Sale — Statement of Objections to Acceptance of Goods is a Waiver of Unstated Objections. When the refusal to accept purchased goods is based upon particular objections, formally and deliberately stated, all other objections are deemed waived; and the vendor, in order to recover the price, need only prove compliance with the contract of sale in the particulars covered by the stated objections.

· 2. Evidence — Expert Opinion as to Quality and Condition of Commodity. The question of the quality and condition of gambier, an article imported for a particular purpose and requiring the existence of certain especial conditions, in order that the grade of its quality and condition in the market may be determined, is within the rule which permits the introduction of the opinions of witnesses competent to speak upon the subject when, from the nature of the subject, facts disconnected from such opinions cannot be so presented to a jury as to enable them to pass upon the question with the requisite knowledge and judgment.

3. Admissibility of Expert Testimony. It is not an objection to the admissibility of the opinions of expert witnesses, that the question put to them involved the point to be decided by the jury.

*Littlejohn* v. *Shaw*, 6 App. Div. 492, affirmed.

(Submitted April 27, 1899; decided May 12, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 13, 1896, affirming a judgment of the late Court of Common Pleas for the city and county of New York in favor of plaintiffs, entered upon a verdict, and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Francis A. Winslow* for appellants.    In a contract of sale of goods to arrive through bought and sold notes, the description of the article in the contract, together with all stipulations as to time, place and mode of shipment, are of the substance of the agreement, and proof of the fulfillment of such stipulations is a condition precedent to the plaintiffs' recovery. (*Hill* v. *Blake,* 97 N. Y. 216 ; *Cunningham* v. *Judson,* 100 N. Y. 179 ; *Welsh* v. *Gossler,* 89 N. Y. 540 ; Benjamin on Sales, §§ 757, 766 ; *Norrington* v. *Wright,* 115 U. S. 188 ; *Iasigi* v. *Rosenstein,* 65 Hun, 591 ; *Bidwell* v. *Overton,* 35 N. Y. S. R. 574.)   Opinion or expert testimony as to the condition or merchantability of the gambier alleged to have been tendered was improper and incompetent in this case. (*Ferguson* v. *Hubbell,* 97 N. Y. 507.)

*Frederic G. Dow* for respondents.    The bill of lading was properly admitted in evidence.   (*Stokes* v. *Recknagel,* 6 J. & S. 368 ; *Duffy* v. *O'Donovan,* 46 N. Y. 223 ; *Knox* v. *Schoenthal,* 36 N. Y. S. R. 595 ; 25 Am. & Eng. Ency. of Law, 916 ; U. S. R. S. § 2785 ; *K. L. Ins. Co.* v. *Pendleton,* 115 U. S. 339, 344 ; *United States* v. *Williams,* 3 Fed. Rep. 484 ; *Valton* v. *N. F. L. A. Co.,* 20 N. Y. 32 ; *Quinby* v. *Strauss,* 90 N. Y. 664 ; *Turner* v. *City of Newburgh,* 109 N. Y. 301 ; *Ferguson* v. *Hubbell,* 97 N. Y. 507 ; *Trans. Co.* v. *Hope,* 95 U. S. 297.)

GRAY, J.    The cause of action stated in the complaint was the refusal of the defendants to accept and pay for some

twenty-five tons of No. 1 " cube gambier ; " which, it is alleged, they purchased of the plaintiffs in March, 1893. In their answer, the defendants alleged that their agreement to purchase the gambier was upon certain terms contained in a writing; to the effect that the gambier was to be " shipped free in bags, * * * February-March-April, '93, sail shipment at Singapore for New York, deliverable here *ex* vessel, usual good merchantable quality and condition, at six and one quarter cents per pound, payable net cash on delivery in gold or its equivalent. Sound, to be taken, damaged, if any, to be rejected on dock at the time of delivery. No arrival, no sale." The answer, further, alleged the willingness of the defendants to carry out the terms of their purchase and averred the failure of the plaintiffs to perform the conditions of the sale on their part, or to deliver to the defendants the merchandise of the kind, quality or condition specified. When the action came on for trial, it appeared that the gambier had been sold by the plaintiffs to the defendants through brokers, whose memorandum of sale contained the terms to which allusion has been made. Upon the arrival of the merchandise in New York city, the plaintiffs sent a delivery order for the goods to the defendants ; who returned the same to the plaintiffs with this indorsement upon it : " Rejected — not good merchantable. D. A. S. & Co." Also, on the same day, the defendants wrote this letter to the plaintiffs : " We reject the twenty-five tons cubes pr. ' Strathome ' for two reasons, first because they are not good merchantable quality, and again because they are not in good merchantable condition. Yours truly, D. A. Shaw & Co." Subsequently, the plaintiffs notified the defendants that they would sell the gambier for their account and risk at public auction. The sale was had and to recover the difference between the amount realized and the contract price of the goods this action was commenced.

The defendants took the position upon the trial, and they contend here, that under the contract of sale it was incumbent upon the plaintiffs, and a condition precedent to their recovery, to prove that all of its terms were fulfilled on their part and,

not having made proof as to manner, condition, or time of shipment, that their action should have been dismissed. As a general rule, and without any facts which would take the case out of the ordinary one of a general refusal to accept the goods, the contention of the defendants might be correct and the plaintiffs would be called upon to establish their compliance with the essential stipulations of the written contract. It would have to be assumed that its several terms were of importance to the parties and, therefore, that proof of compliance was to be made as a condition of enforcing the defendants' obligation to accept the goods. (*Hill* v. *Blake*, 97 N. Y. 216.) But, in this case, the defendants placed their rejection of the gambier upon two specific grounds, viz.: that it was not of good merchantable quality and that it was not in good merchantable condition. By thus formally stating their objections, they must be held to have waived all other objections. The principle is plain, and needs no argument in support of it, that if a particular objection is taken to the performance and the party is silent as to all others, they are deemed to be waived. This waiver of all other objections is not only justly inferable, generally; but is especially so, when, as under the circumstances present in this case, the deliberateness with which the objections are stated leaves it to be implied that there has been a consideration of the matter of the acceptance of the goods and a result reached upon particular grounds. The defendants, therefore, were not in a position to insist upon any other proof of the plaintiffs, to enable them to recover upon their cause of action, than that the gambier was of good merchantable quality and in good merchantable condition.

Furthermore, the defendants' exception to the denial of their motion to dismiss, at the close of the plaintiffs' case, which is based upon the failure of the plaintiffs to prove the fulfillment of the various stipulations of the contract of sale, was waived by them. It was not renewed at the close of the case and having, after the denial of their motion, proceeded to put in evidence on their part, their previous exception is

deemed to have been waived and is unavailable. (*Hopkins* v. *Clark*, 158 N. Y. 299.)

The plaintiffs, in making their case, undertook to prove by the evidence of witnesses, who were shown to have been familiar with this article of merchandise and to have had much experience in handling it, that they had examined this lot of gambier and that it was of merchantable quality and in good merchantable condition at the time of its arrival and when tendered to the defendants. Objections were made to this evidence and, in perhaps one or more instances, the exceptions taken are available to raise the question as to the competency of opinions to show the condition and merchantability of the gambier. Gambier is an article made by infusion from the japonica plant. Being reduced to a soft mass, it is cut into cubes and baked, and becomes an article of commerce, for use in the business of tanning and dyeing. Its value is affected by the extent to which the cubes retain their hardness and separate condition. If they become caked and blocked, and the cubes are no longer free, the article is not considered as having the usual good merchantable quality and condition of No. 1 cube gambier. It is apt to be affected upon the voyage from Singapore by conditions of moisture. In order to be of high standard, it is required that the cubes shall have a certain appearance inside and outside. As an article imported for a particular purpose and requiring the existence of certain especial conditions, in order that the grade of its quality and condition in the market may be determined, I think it very clear that it was brought within the rule which permits the introduction of the opinions of witnesses competent to speak upon the subject, when quality and condition are in question. The issue upon which the jury was to pass was the liability of the defendants to make good to the plaintiffs the loss sustained by the latter, as the result of their refusal to accept the goods. It was necessary to a determination to ascertain whether the article purchased was up to the contract standard. It was not to be expected, however, that, within the ordinary experience and observation of men, the

jurors would be able to pass upon the question of whether an article of foreign production, possessing especial qualities and confined in its use to a particular branch of business, was of the one or the other standard. When the question concerns a matter, as to which it may be fairly supposed that jurors are competent to reach a judgment from the exercise of that common knowledge which is attributable to men, the opinions of witnesses are not admissible. It is as to subjects, upon which jurors are not as well able to judge for themselves as is the witness, that an expert, as such, is permitted to testify. The established rule is that upon questions of science, or skill, or trade, persons experienced in those particular departments may be allowed to give their opinions in evidence. The rule is confined in its operation to cases in which, from the very nature of the subject, facts disconnected from such opinions cannot be so presented to a jury as to enable them to pass upon the question with the requisite knowledge and judgment. (*Jefferson Insurance Co.* v. *Cotheal*, 7 Wend. 73; *Ferguson* v. *Hubbell*, 97 N. Y. 507; *Van Wycklen* v. *City of Brooklyn*, 118 N. Y. 424; *Transportation Line* v. *Hope*, 95 U. S. 297.)

Nor is it an objection, as these appellants argue, that the question asked of the witnesses involved the point to be decided by the jury. As experts, their opinions were admissible, because, from the nature of the case, the jury needed their aid to enable them to form an accurate and intelligent judgment. (*Transportation Line* v. *Hope, supra; Van Wycklen* v. *City of Brooklyn, supra*.)

I think, therefore, that there was no error in the reception of the opinions of witnesses upon the question of the merchantable quality and condition of the gambier. The case upon its facts was fairly submitted to the jury and no other exceptions require discussion.

The judgment appealed from should be affirmed, with costs. All concur.

Judgment affirmed.