# CHARLESTON.

LINGER *et al.* v. WILSON.

Submitted January 27, 1914.   Decided February 10, 1914.

1. SALES—*Refusal to Accept—Objections—Waiver.*
    When refusal to accept goods purchased is based solely upon a particular objection, formally and deliberately stated, all other objections are deemed waived. (p. 670).

2. SALES—*Implied Sale—Acceptance of Goods.*
    Though a purchaser of goods does not order the quantity delivered to him, a sale of the whole will be implied where on receiving the goods the purchaser does not within a reasonable time repel the implication by returning the goods or notifying the seller that he will not accept them because of the excess of quantity. (p. 670).

Error to Circuit Court, Mingo County.

Action by Thomas C. Linger and others against C. E. Wilson. Judgment for plaintiffs, and defendant brings error.

*Affirmed.*

*Stokes & Bronson,* for plaintiff in error.

*B. Randolph Bias,* for defendants in error.

ROBINSON, JUDGE :

The evidence discloses that defendant ordered from plaintiffs a car of 600 bushels of corn at 65 cents per bushel and 400 bushels of oats at 52 cents per bushel ; that upon this order a car containing a greater quantity of each kind of grain was shipped and an invoice showing the greater quantity mailed to defendant ; that neither when the invoice was received by defendant, nor later when the car arrived at the destination point, did defendant give notice to plaintiffs of any objection

on the score of an excess quantity having been invoiced and shipped; that after the arrival of the car defendant did write plaintiffs that he would not pay the draft at the bank and thereby take up the bill of lading—in other words would not receive the shipment—unless a new draft was made allowing a claim made by him in relation to an alleged former contract between him and plaintiffs, which former contract he claimed had not been kept on the part of plaintiffs; that plaintiffs replied, denying liability by reason of any such former contract and refusing to concede defendant's demands in that regard; that defendant then, more than a week after the arrival of the car, and a longer time after the receipt of the invoice showing the quantity, for the first time objected that the quantity was in excess of what he had ordered; and that this objection to the excess was not made until twenty days after the draft was drawn, sixteen days after the invoice was mailed, and at least a week after the car reached its destination.

Defendant persisted in his refusal to take the grain. Plaintiffs at last proposed that defendant should take from the car the amount he had ordered and that they would dispose of the residue. Notwithstanding this offer, defendant still refused to take any of the grain. Plaintiffs thereafter sold the grain to the best advantage and charged defendant with the difference between the amount received and the amount the grain was worth at the contract price with defendant. Upon the trial of this action, before the court in lieu of a jury, plaintiffs recovered judgment against defendant for the amount so charged against him.

The judgment is right. It must be conceded that objection on the part of defendant to receiving the grain because plaintiffs had not complied with a former contract is no ground upon which defendant can excuse himself from complying with this latter distinct contract of purchase. And it is quite apparent in the case that the matter of quantity was a remote and secondary consideration by defendant. He deliberately stated a single objection to receiving the shipment. That single objection was the alleged failure of plaintiffs to comply with a former contract. He expressed a willingness however to take the full shipment if his claim made under the

alleged former contract was considered in settlement. Thus he inferentially waived objection to the excess of quantity. ''A rejection placed upon one ground may operate as a waiver of objection based upon other grounds.'' 24 Amer. & Eng. Enc. Law 1092; Benjamin on Sales, (7th Amer. Ed.), page 738. The character of defendant's objection, and the condition embraced therein, so operate in this case. ''When the refusal to accept purchased goods is based upon particular objections, formally and deliberately stated, all other objections are deemed waived.'' *Littlejohn* v. *Shaw,* 159 N. Y. 188. An excerpt from the opinion in the case cited is applicable to the case under consideration: ''This waiver of all other objections is not only justly inferable, generally; but is especially so, when, as under the circumstances presented in this case, the deliberateness with which the objections are stated leaves it to be implied that there has been a consideration of the matter of the acceptance of the goods and a result reached upon particular grounds.''

Moreover, defendant persisted in a baseless objection until a reasonable time had expired for objecting on the ground of an excess of quantity. Though a purchaser of goods does not order the quantity delivered to him, a sale of the whole will be implied where on receiving the goods the purchaser does not within a reasonable time repel the implication by returning the goods or notifying the seller that he will not accept them because of the excess of quantity. Failure to return, or to give notice of non-acceptance, amounts to an acceptance. *Bartholomae* v. *Paull,* 18 W. Va. 771; *Thompson* v. *Douglass,* 35 W. Va. 337; *Ford* v. *Freidman,* 40 W. Va. 177. In reason, and in justice to plaintiffs' rights, defendant could not delay so long as he did and then rely on an objection to the quantity. He impliedly accepted the full quantity, subject only to the baseless objection to which we have referred. Indeed his letters of objection to plaintiffs plainly show that he had no objection to the quantity if he could have the alleged breach of a former contract taken into consideration in settlement.

Defendant's claim of unliquidated damages growing out of the alleged former contract was of course properly rejected in this action.

An order will be entered affirming the judgment.

*Affirmed.*