HERMAN KRAUT, Appellant, *v.* LOUIS NORDLINGER, Doing Business under the Name of J. D. NORDLINGER, Respondent.

First Department, April 30, 1926.

Sales — action for purchase price of beans — contract of resale of specific lot purchased by plaintiff provided for shipment from Japan by stated route on certain day — contract provided for recourse to original seller — dispute as to whether defendant waived time of shipment and route — verdict of jury in favor of plaintiff on that question sustained by evidence — defendant waived provision as to time and route — defendant is estopped — mere waiver of time of shipment is not new contract within Statute of Frauds — arbitration proceeding between defendant and original seller in which defendant was successful not bar to this action.

In an action to recover the purchase price of beans sold by the plaintiff to the defendant, in which it appears that the sale by the plaintiff was a resale of a specific lot that had been purchased by the plaintiff, and that the contract provided for shipment from Japan by a stated route on a certain day, the verdict of the jury to the effect that the defendant waived the time of shipment and the route, is sustained by the evidence.

The action of the defendant when informed of the breach of the contract arising from the failure of the plaintiff to ship on the day stated and over the route specified, in not rescinding the contract, and returning the bought and sold note which the plaintiff offered to accept, thereby affording the plaintiff opportunity of reselling the goods or recovering payment therefor, constituted a waiver of the provision as to time and route and a deliberate election on the part of the defendant to waive the right to rescind the contract.

Furthermore, there is present an element of estoppel in that the defendant by its deliberate act deprived the plaintiff of an opportunity of reselling the contract at a time when the market was considerably higher than when the goods were finally rejected by the defendant.

The mere waiver of the time of shipment does not constitute a new contract within the protection of the Statute of Frauds.

The fact that the defendant took advantage of the provision in the contract of sale by the plaintiff to the defendant to have recourse to the original seller of the beans and that he was successful in arbitration proceedings with the original seller, does not bar the present action by the plaintiff to recover the purchase price of the beans, for, as stated, the contract of sale between the plaintiff and the defendant expressly provided that recourse, if any, was to be had by arbitration between the defendant and the original seller.

APPEAL by the plaintiff, Herman Kraut, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 7th day of December, 1922, setting aside the verdict of a jury and granting a new trial.

*Isidor E. Schlesinger*, for the appellant.

*Grover C. Sniffen*, for the respondent.

FINCH, J. The action was brought to recover the agreed price of certain beans, pursuant to a contract of purchase and sale between the parties hereto. The complaint alleges that on the 17th day of April, 1917, the plaintiff and defendant entered into a contract in writing, of which the following is a copy:

" Sold for Account of Mr. H. KRAUT, New York, N. Y.

" To Mr. J. D. NORDLINGER, New York, N. Y.

" Seventy-five (75) tons of 2000 pounds each of Nagauzura Beans, handpicked, fair average quality, at 11¢ per pound in bond, ex dock New York, March shipment from Japan to New York via Panama, net Japan shipping weights, packing in bags of 100 pounds net each.

" It is understood between buyer and seller that this is a re-sale of a specific lot, which the seller has purchased from Henry Dyer & Co., as per bill dated April 16th, 1917.

" Upon arrival of these goods, buyer hereby agrees to pay seller $3750.00, even if quality is not up to contract, and buyer further agrees to pay Frost & Cundill, Inc., 8½¢ per pound in bond ex dock,

and buyer also agrees to abide by all other terms and conditions as per Frost & Cundill, Inc. contract No. 1757, dated March 5, 1917. Should the goods not arrive, buyer not to pay any difference in cash.

"Arbitration: Recourse, if any, between J. D. Nordlinger and the original seller, Frost & Cundill, Inc."

The complaint further alleges that simultaneously with the execution of the aforesaid agreement, the plaintiff assigned to the defendant a contract in the form of a broker's bought and sold note, whereby Frost & Cundill agreed to sell unto one Philippi a similar quantity of beans with similar provisions as to date and route of shipment, and containing the following arbitration clause: "Any dispute arising out of the execution of this contract either as to shipment, quality, or any other cause, is to be settled by arbitration by the New York Dried Fruit Association and seller as well as buyer hereby agrees to abide by the decision of the arbitrators which decision shall be binding upon all parties hereunto."

It is further alleged that the plaintiff had become the owner of the aforesaid bought and sold note by mesne assignments from Philippi and that the merchandise which the plaintiff had agreed to sell to the defendant was the same merchandise referred to in the bought and sold note. The complaint further alleges that the beans were not shipped via Panama during the month of March but were shipped during the month of April via Cape Horn or the Cape of Good Hope; that the defendant was notified to that effect in June, 1917, and informed the plaintiff that he would nevertheless accept the goods upon arrival and pay to the plaintiff the agreed price; that after such notification of the failure to ship the beans in accordance with the contract, the plaintiff stated to the defendant that if the defendant would not accept the goods upon their arrival the plaintiff would attempt to dispose of or sell the same or would reassign the aforesaid bought and sold note assigned by the plaintiff to the defendant and demand the return of the amount paid by the plaintiff therefor, but that the defendant declined to return the said bought and sold note to the plaintiff and stated that he would accept the goods upon their arrival and pay to the plaintiff the agreed price; that the plaintiff, in reliance upon said statement of the defendant, did not attempt to dispose of or sell the said goods. It is further alleged that after the arrival of the goods and tender thereof, the defendant notified Frost & Cundill that he refused to accept the same because of the delay and change in the route of shipment; that the dispute between the defendant and Frost & Cundill was submitted to arbitration, in accordance with the provisions of the aforesaid bought and sold

note, but that notwithstanding this the defendant stated that he would pay to the plaintiff the agreed price, irrespective of the outcome of the arbitration between him and Frost & Cundill. The complaint further alleges that by reason of the foregoing, the defendant waived the provisions requiring the goods to be shipped from Japan during the month of March, 1917, alleged due performance by plaintiff, except as so waived, and demands judgment for the agreed price of the merchandise sold.

The answer denied the facts relied on to constitute a waiver, and, in addition, pleaded the Statute of Frauds (Pers. Prop. Law, § 85, as added by Laws of 1911, chap. 571, being part of our Sales of Goods Act) as a bar to the alleged promise to pay for the goods, notwithstanding the deviation from the contract and the time and route of shipment, and, as a separate defense, pleaded that the dispute between the parties had been submitted to arbitration in accordance with the provisions of the contract between the parties and of the bought and sold note, and that an award had been duly made that the defendant need not accept or pay for the goods in question.

The case was submitted to the jury upon a single issue of fact, namely, as to whether the evidence sustained the facts alleged by the plaintiff to constitute a waiver. The jury rendered a verdict in favor of the plaintiff. This verdict was set aside by the court for the reason stated in the opinion, that "there was no valid contract between the parties and that, therefore, there can be no enforcement." The order entered, however, granted a new trial, which is inconsistent with the opinion. The evidence presented merely a question of veracity as between the plaintiff and the defendant, and, upon the record, we are unable to find any basis for upsetting the finding of the jury upon the issue of fact.

The plaintiff testified that "when Mr. Nordlinger notified me that he received a letter from Frost & Cundill that the beans were shipped in April, * * * I says, 'Well, what do you intend to do if they were shipped in April?' I says, 'In case you don't care to have this contract, you can return the assignment and the contract and call the deal off, because I could sell that contract or I could get back my $3,000 from Henry Dyer.' He answers, he says, 'Don't worry yourself, I will take that beans.'" Further, that after the plaintiff had been to Frost & Cundill and ascertained the exact situation with respect to the goods and had explained the situation to the defendant and asked for a direct answer as to whether or not the defendant would accept the goods, because plaintiff could dispose of the merchandise or recover the $3,000 he had paid for the contract, the defendant reiterated that he

would accept the goods, saying: "Don't worry; I am going to pay you that sum of $3750 as I agreed to. You don't have to worry if the routing is different or it has been shipped later."

It thus appears that the defendant, instead of rescinding the contract upon learning of the breach of the provisions relating to time and route of shipment, and by returning the bought and sold note affording the plaintiff an opportunity of reselling the goods or recovering his payment therefor, elected to accept the goods at all events and look to Frost & Cundill for any redress to which he might be entitled — which is exactly as provided by the contract. There was thus a deliberate election on the part of the defendant to waive the right to rescind the contract and to deprive the plaintiff of the opportunity of being made whole. There is thus shown to exist all the essential elements of a waiver, which latter may be defined as "the intentional [abandonment or]·relinquishment of a known right." (*Lehigh Valley R. Co.* v. *Providence Washington Ins. Co.*, 172 Fed. 364.) There is also present in the case at bar an element of estoppel, in that the defendant, by his deliberate act, deprived the plaintiff of an opportunity of reselling the contract at a time when the market concededly was considerably higher than when the goods were finally rejected by the defendant. This latter is but an additional reason for denying to the defendant the right to rely upon the aforesaid breach of the contract, for estoppel is not a necessary element of a waiver, nor is a new consideration necessary to support a waiver. In *Sheldon* v. *Horton* (43 N. Y. 93) the action was upon a promissory note indorsed by the defendant. The defendant moved for a nonsuit upon the ground that a demand for payment was not made when due, and of the omission of notice of protest. The plaintiff showed that the defendant was informed that the maker wanted the note to remain another year and was asked if the defendant was willing to let it remain, to which the defendant·replied that he was willing. It was held that this constituted a waiver, ANDREWS, J., saying: "This is upon the obvious principle, that a party to a contract may renounce the benefit of any stipulation in it, designed for his own protection. Such waiver may be by express words, or it may arise by implication from the acts or conduct of the indorser. * * *

"The right that demand should be made and notice given is personal to the indorser, and the waiver requires no new consideration to support it."

In *Wandell* v. *Mystic Toilers* (130 Iowa, 639, 645; 105 N. W. 448, 450) it is said: "Waiver is quite a different matter from estoppel, for, to constitute a waiver, action to the prejudice of the party in reliance on the conduct of the officer or agent is not

essential, while such reliance is essential where estoppel is sought to be shown."

The respondent contends that under the authority of the case of · *Clark* v. *Fey* (121 N. Y. 470), the time and manner of shipment so entered into the identity of the goods sold that the facts relied upon by the plaintiff as constituting a waiver, in effect amounted to the making of a new contract for different goods, and that such contract, not being in writing, was barred by the Statute of Frauds. The case of *Clark* v. *Fey* (*supra*) holds that time of shipment is a material part of the contract, which must be performed by the vendor before he can recover the purchase price. It does not hold that the time of shipment cannot be · waived. In said case no question arose as to a waiver by the vendee of the time of ship-ment of a contract which had in all other respects been performed by the vendor. It was held accordingly that the plaintiff had not shown performance under the original contract, and that an alleged new agreement to carry the goods for the account of the vendee or give him other and different goods in place of them was a new contract, and, not being in writing, was barred by the Statute of Frauds. In the case at bar the one question raised is whether the time and manner of shipment may be waived. *Littlejohn* v. *Shaw* (159 N. Y. 188) is a leading case on the subject of waiver. There, the court, through GRAY, J., has stated the general rule, as laid down in *Clark* v. *Fey* (*supra*), that unless there is a waiver, the plaintiffs are called upon to establish all the essential stipulations of the contract, and then showed that in that case there had been a waiver, saying: "As a general rule, and without any facts which would take the case out of the ordinary one of a general refusal to accept the goods, the contention of the defendants might be correct and the plaintiffs would be called upon to establish their compliance with the essential stipulations of the written contract. It would have to be assumed that its several terms were of impor-tance to the parties and, therefore, that proof of compliance was to be made as a condition of enforcing the defendants' obligation to accept the goods. (*Hill* v. *Blake*, 97 N. Y. 216.) But, in this case, the defendants placed their rejection of the gambier upon two specific grounds, viz.: that it was not of good merchantable quality and that it was not in good merchantable condition. By thus formally stating their objections, they must be held to have waived all other objections. The principle is plain, and needs no argument in support of it, that if a particular objection is taken to the per-formance and the party is silent as to all others, they are deemed to be waived. This waiver of all other objections is not only justly inferable, generally; but is especially so, when, as under the cir-

cumstances present in this case, the deliberateness with which the objections are stated leaves it to be implied that there has been a consideration of the matter of the acceptance of the goods and a result reached upon particular grounds. The defendants, therefore, were not in a position to insist upon any other proof of the plaintiffs, to enable them to recover upon their cause of action, than that the gambier was of good merchantable quality and in good merchantable condition."

In *Littlejohn* v. *Shaw* (*supra*) the shipment was to be made " shipped free in bags, * * * February — March — April, '93, sail shipment at Singapore for New York * * *." The court, by its decision, thus held that both time and manner of shipment were waived. In the case at bar the goods were to be shipped during the month of March via Panama, whereas they were in fact shipped during the month of April via Cape Horn or Cape of Good Hope. It thus appears that the facts in the case at bar are directly within the doctrine laid down in the case of *Littlejohn* v. *Shaw* (*supra*), showing that time and manner of shipment may be waived and a recovery still be had upon the written contract, with these two provisions thus eliminated through waiver.

The respondent also urges that the arbitration had between the defendant and Frost & Cundill, Inc., the original sellers of the beans, resulting in favor of the defendant, in some way is a bar to a recovery by the plaintiff in this action. A complete answer to this contention, however, is the fact that in the contract of sale between this plaintiff and this defendant it was expressly provided that recourse, if any, was to be had by arbitration between the defendant and the original seller, Frost & Cundill, Inc.

There having thus been shown to have been a waiver by the defendant of the aforesaid deviation from the provisions of the contract in reference to time and route of shipment, the defendant was obligated under the contract to pay the agreed price to the plaintiff.

It follows, therefore, that the order appealed from should be reversed, with costs, the verdict reinstated, and judgment directed to be entered thereon, with costs.

CLARKE, P. J., DOWLING, MERRELL and MARTIN, JJ., concur.

Order reversed, with costs, the verdict reinstated, and judgment directed to be entered thereon, with costs.