GEORGE U. HIND and Another, Plaintiffs, *v.* THEODORE WILLICH and Another, Defendants.

Supreme Court, New York County, June 2, 1926.

Sales — action on contract for sale of rice to be shipped from China for delivery f. o. b. San Francisco — contract required issuance of so-called merchants' certificate at Chinese port of shipment reciting quality, condition and weight — said certificate defective in failing to certify quality of rice was identical with quality specified in contract — defendants not required to examine rice — deficiency in weight too substantial to be ignored — verdict should be directed for defendants.

Defendants, to whom plaintiffs sold a quantity of rice to be shipped from China for delivery f. o. b. San Francisco, under contracts which required the issuance

Supreme Court, June, 1926. [Vol. 127

of a so-called merchants' certificate from the Chinese port, which was to be final as to quality, condition and weight of the rice, are entitled to the direction of a verdict in their favor in an action for the purchase price, where it appears that the merchants' certificate which, under the custom of the trade was signed by two European merchants in business at the port of shipment, recited that the rice was all "No. 1 white rice of fair average quality of the season and in good and merchantable condition" whereas the contract of sale called for "No. 1 Saigon round rice, fair average quality of the season," since the defendants had the right to require the production of a certificate which, on its face, would show that in the judgment of the merchants at the port of shipment the rice actually shipped was of the quality contracted for. Any certificate showing rice other than round rice as provided for in the contract of sale was insufficient and defective.

Nor were defendants required to rely on their own judgment in accepting or rejecting the shipment, in view of the fact that the contract recited that the two merchants at the Chinese port would certify as to the condition of the rice; consequently, defendants were within their rights in refusing to pay the drafts in the absence of the certificate contracted for.

Moreover, the deficiency in weight aggregating more than 16,000 pounds on the entire shipment, was too substantial to be ignored and furnishes additional justification for defendants' refusal to perform.

Action for goods sold and delivered, tried by the court without a jury.

*Wherry & Mygatt,* for the plaintiffs.

*Menhard & Trosk* [*Samuel Seabury* of counsel], for the defendants.

Churchill, J. Plaintiffs sold defendants a quantity of rice to be shipped from China and to be delivered F. O. B. San Francisco. It was to be paid for on presentation of sight drafts with documents attached, after delivery in San Francisco. Among the documents required by the contracts was a so-called merchants' certificate from the Chinese port, which was to be final as to quality, condition and weight of the rice. The rice arrived at San Francisco and was delivered to a bonded warehouse pursuant to instructions of the buyers. Sight drafts were then drawn, with warehouse receipts and other documents attached, but when the drafts were presented to defendants in New York they refused payment. They had in the meantime inspected the rice in San Francisco. This action is for the agreed price of the goods and defendants seek to justify their rejection of the merchandise on various grounds.

Some of the points now made for defendants must be disregarded because the grounds specified at the time of rejection must control the disposition of the case. (*Littlejohn* v. *Shaw,* 159 N. Y. 188.) Confining myself to those grounds I agree that the objection based on an alleged discrepancy in marks was entirely without merit; but I think the merchants' certificate was defective in failing to certify that the rice was of round grain, and that it also justified

rejection because it showed the average weight of the bags to be only 218 pounds instead of 224 pounds as required by the contract.

The agreement provided for a merchants' certificate to be issued at the Chinese port of shipment. That certificate, under the custom of the trade, was required to be signed by two European merchants in business at that place. It was provided that the certificate should be final on the questions of quality, condition and weight of the rice. The purchasers, therefore, had the right to require the production of a certificate which, on its face, would show that in the judgment of the merchants at the port of shipment the rice actually shipped was of the quality contracted for. They were not required to submit that question to the judgment of any other tribunal. Unless such a certificate was produced they had the right to refuse performance. If it was produced, with the other necessary documents, they would be obliged to perform unless there was failure of performance on the part of the plaintiffs in some particular concerning which the merchants' certificate had not been stipulated to be conclusive.

When the documents were tendered, the defendants objected that the certificate of quality was not in accordance with the contract. The chief ground urged in support of that objection is that the certificate did not show the rice to be of round grain. The testimony shows that rice is sometimes of long grain, sometimes of round grain and sometimes of mixed grain. In the present case the contract of sale described the rice as No. 1 Saigon round rice, fair average quality of the season. The certificate said nothing about the grain of the rice but did certify that it was No. 1 white rice of fair average quality of the season and in good and merchantable condition. I think this was insufficient. In reaching that conclusion I do not find it necessary to attempt any nice distinction between words merely descriptive of the thing sold and words importing a warranty of a particular quality of that thing. In making this contract these merchants were not considering the matter of quality in the abstract. They were providing for a certificate upon the strength of which the defendants might know that in the judgment of the chosen arbiters the quality of the rice was such as had been contracted for. If the roundness of the grain was, primarily, a matter of description rather than of quality, I think, nevertheless, it was a characteristic of the rice which the certificate was required to show and as to which the certificate was intended to be conclusive. Some elements of mere description were necessarily intended to be concluded by the certificate. Obviously, before the inspectors could certify to the quality of the rice they had to be satisfied that the merchandise was in fact rice.

Their certificate that it was rice of fair average quality of the season would be conclusive on the defendants that it was rice, and not sago, as well as that it was of fair average quality. In other words, the certificate of quality here contracted for necessarily presupposed a certificate that the thing whose quality was certified was the thing contracted for. No other sort of certificate could be of any practical use. Hence the certificate should have shown that the rice was round rice in order that certification of its quality might be of value.

It is no answer to this to say that the defendants were permitted to examine the rice and might in that way have found out whether or not the rice was round. The testimony is in conflict on the point whether this rice was in fact of round or mixed grain. The defendants were not required to rely on their own judgment in accepting or rejecting the goods. They had the right to the judgment of the two merchants at the Chinese port on that point and they were within their rights in refusing to pay the drafts in the absence of the certificate contracted for. It is also unimportant that the plaintiffs interpreted the letter " R " in the countermark to mean " round " and so advised defendants. There was nothing in the context of the certificate to show that that symbol was intended to have that meaning. Defendants were entitled to an unequivocal certification of the fact.

The deficiency in weight, amounting to over 16,000 pounds on the entire shipment, was also too substantial to be ignored. I conclude, therefore, that the defendants were justified in refusing to perform. Under the stipulation a verdict is directed for the defendants and an exception is allowed to plaintiffs.