In the Matter of the Application of HAROLD L. FIERMAN and Others, Petitioners, for a Peremptory Order against ROBERT N. ROSE, etc., and Others, and EXCESS INSURANCE COMPANY OF AMERICA, Respondents.

Supreme Court, Special Term, New York County, September 12, 1940.

*Kaye, Scholer, Fierman & Hays* [*Harold L. Fierman* and *Nathaniel H. Jackson* of counsel], for the petitioners.

*Raphael H. Weissman* and *Malcolm A. MacIntyre* [*Raphael H. Weissman, Malcolm A. MacIntyre* and *Henry J. Oechler* of counsel], for the respondents.

PECORA, J. This is an application by certain stockholders of The Excess Insurance Company of America for an order directing the president and the secretary of the company to call a special meeting of stockholders for the purposes set forth in a proposed notice of special meeting, which said officers have refused to send to the stockholders.

The petitioner in the original petition, and the petitioners in the supplemental petition, served with the consent of respondents, are concededly the stockholders of record of more than one-fourth of the issued and outstanding shares of the company. They, therefore, clearly have the right, under section 2 of article I of the company's by-laws, to require the calling of a special meeting " for such lawful purposes as may be specified by * * * such stockholders * * * and as may be stated in the notice setting forth such call." The section in question specifically confers the right to demand the calling of a special meeting upon " the holders of record of one-quarter of the issued and outstanding shares of the company entitled to vote at the meeting." It is the record ownership, rather than the beneficial ownership, of the stock which controls in determining whether a demand for the calling of a special meeting is subscribed or participated in by the requisite number of stockholders. Respondents' argument to the contrary cannot be sustained. It is to be noted that section 47 of the Stock Corporation Law states that " Unless otherwise provided in the certificate of incorporation or other certificate filed pursuant to law, every stockholder of record of a stock corporation shall be entitled at every meeting of the corporation to one vote for every share of stock standing in his name on the books of the corporation." The fact that the section also provides that in certain instances the beneficial owners of stock may, upon demand by them, require the record stockholders to issue to them proxies entitling them to vote, furnishes no justification to the company's officers for requiring petitioners to show affirmatively that, in addition to being stockholders of record, they are entitled to vote at the proposed meeting. In the absence of evidence to the contrary, it will be presumed that as stockholders of record they have

the right to vote at the meeting. At any rate, the point that petitioners had not established that they were entitled to vote at the proposed meeting, was not included among the specific grounds upon which the demand for the call of the meeting was refused and must, therefore, be deemed to have been waived. (*Littlejohn* v. *Shaw*, 159 N. Y. 188, 191.)

We turn now to another contention advanced by respondents. It is to the effect that the notice of the proposed special meeting which they were asked to send to stockholders, was invalid to the extent that it called for the election of twenty additional directors at such meeting. In its support they urge that the voting of an increase in the number of directors at the meeting would not create vacancies until the increase had been approved by the Superintendent of Insurance and the certificate of increase filed in his office with his approval indorsed thereon. This point must be upheld.

The respondent corporation is organized under the Insurance Law. Since one of the purposes of the proposed meeting is to amend the company's charter so as to increase the number of its directors, paragraph (d) of subdivision 1 of section 53 of the Insurance Law becomes applicable. That subdivision provides that the change in the charter " shall be effective upon the filing of the certificate thereof in the office of the Superintendent with his approval endorsed thereon." Until and unless the certificate of amendment bearing the Superintendent's approval has been filed in his office, the proposed increase of directors does not take effect, and there are no additional directors to be elected. It follows that the notice of the proposed special meeting improperly provided for the election at that meeting of twenty additional directors in the event that the proposal to increase the number of directors be approved at the meeting. The approval of the Superintendent might not be obtained at all. Even if obtained, the increase would not be effective until a certificate of amendment, *necessarily executed after authorization at the special meeting*, indorsed with the Superintendent's approval, had been filed in his office. The very by-law upon which the petitioners rely (Art. I, § 2) requires the calling of a special meeting only " for *such lawful purposes* as may be specified by the * * * stockholders." (Italics supplied.) Respondents were, therefore, justified in declining to forward to the stockholders the notice of special meeting proposed by petitioners.

The reply brief submitted by petitioners does not dispute the validity of respondents' contention, that no election of directors could validly be had prior to the filing of the certificate of amend-

ment of the charter, approved by the Superintendent of Insurance. It attempts to meet respondents' objection by stating that it was not intended to elect directors until and unless the proper certificate, approved by the Superintendent of Insurance, had been filed. The brief states that it was contemplated that the special meeting would be adjourned for the purpose of electing the additional directors until the certificate of amendment of the charter, bearing the Superintendent's approval, had been filed. The difficulty with the position now taken by petitioners is that the proposed notice of special meeting, fairly construed, fails to suggest or indicate that the special meeting was to be adjourned, for the purpose of electing additional directors, until after the certificate of amendment, approved by the Superintendent of Insurance, had been filed in his office. The language of subdivision (e) of the notice of special meeting does not intimate that the meeting would be adjourned for the purpose of electing the additional directors. On the contrary, subdivision (e) refers merely to the transaction of " any and all *other* business that may properly come before the meeting or any adjournment or adjournments thereof, in connection with the foregoing matters." (Italics supplied.) Under the circumstances, respondents were justified in construing and regarding the proposed notice of special meeting as prematurely calling for the election of additional directors prior to the filing of the required certificate of amendment, approved by the Superintendent of Insurance.

Petitioners ask, in the event that the court should decide that the notice of special meeting " should contain any additional proposal with reference to adjournment pending the receipt of the approval of the Superintendent of Insurance," that the court modify the notice accordingly, and grant the motion to the extent of directing respondents to forward the notice, as thus modified, to the stockholders. Unfortunately, this may not be done; it is a necessary prerequisite of granting an application of this character that the respondents shall have refused to comply with a proper demand made upon them. The specific demand made upon respondents was improper for the reason already indicated. It is quite possible that if petitioners were to ask that a new notice of special meeting, modified in the manner suggested by them, be forwarded to stockholders, respondents would comply.

Inasmuch as the present motion must, on the ground stated, be denied, it hardly becomes necessary to consider the further contention of respondents that the proposed amendments of the charter and by-laws are invalid in that they include a provision whereby the number of directors may be increased or decreased from time to time *by amendment of the by-laws*. The language of

this proposal, it is to be noted, does not originate with the petitioners, for the identical language is to be found in the present charter of the company, which has presumably been approved by the Superintendent of Insurance. Because of the elaborate argument addressed to the court upon this point, the court ventures to observe that such a provision would be violative of the specific mandate of the statute (Insurance Law, § 48, subd. 5, ¶ [e]), which requires the number of directors of an insurance company to be fixed by its *charter*. Hence, no amendment of the *by-laws* of such a corporation may operate to increase or decrease the number of its directors; such a change could be effected only by amending its charter. Since the objective of the petitioners relates to an increase of the board of directors from seventeen to thirty-seven members, it is fair to assume that they seek to attain it in full conformity with the statute. It is quite likely, therefore, that any new notice of a special meeting which the petitioners may hereafter prepare, will be so drawn as to eliminate any questions on this score.

Although the matter is not strictly before the court at this time, in view of the fact that the present motion must be denied on another ground, it may not be amiss to state that the court fails to see any merit in the claim of respondents that the additional directors, in the event that an increase in the number of directors is authorized, must be elected by the board of directors rather than by the stockholders. Section 55 of the Stock Corporation Law expressly authorizes the election of additional directors by stockholders " if the by-laws so provide." The by-laws of the respondent company do so provide. It is true that the provision in question refers to an increase in the number of directors " pursuant to an amendment of these by-laws." It is obvious from the context, however, that no distinction was intended between an increase in the number of directors by amendment of the charter, and an increase in their number pursuant to an amendment in the by-laws. The quoted language was obviously merely descriptive. Only where vacancies in the existing number of directors resulted from death, resignation, removal or otherwise, was it intended to confer upon the remaining directors the right to fill the vacancies.

The motion is denied, but without prejudice to a proceeding to compel the call of a special meeting upon a modified notice of meeting.